HARRINGTON v. COOPER.

Opinion delivered November 6, 1916.

1. WILLS—INTENTION OF TESTATOR—RULE OF CONSTRUCTION.—In construing the provision of a will, the intention of the maker must first be ascertained, and, when not at variance with recognized rules of law, must govern; the intention of the testator must be gathered from all parts of the will, and such construction be given as will, if possible, give force and meaning to every clause of the will.

2. WILLS—DEVISE OF LIFE ESTATE—DEVISE OF FEE, WHEN.—Where an estate is devised to one for life, with remainder to another, with the further provision that, if the remainderman should die without having a child, then to a third person, the words "die without having a

child," are restricted to the death of the remainderman before the termination of the particular estate.

3. WILLS—DEVISE TO WIFE AND DAUGHTERS—CONSTRUCTION OF LANGUAGE USED.—One W. devised certain land to his wife "during her natural life and to our daughter, 'G. A. W.,' as a joint support for my wife and daughter during the lifetime of my wife, and at the death of my wife I desire and intend that my daughter shall take in her own right the entire interest should she survive her mother, and should my daughter die childless then in that case the whole shall revert to my estate and be equally divided between my other children or their descendants * * * ." *Held,* the will devised to the daughter a fee simple estate, to take effect upon the death of her mother.

4. WILLS—CONSTRUCTION OF TERMS—"DIE CHILDLESS."—Where the words "die childless" are used in a will they mean "without having had or without having a child."

5. WILLS—CONSTRUCTION—ESTATE IN FEE—MORTGAGE.—Under the facts stated above in syllabus No. 3, a mortgage made by the daughter of the testator held valid as against her heirs.

Appeal from Lee Chancery Court; *E. D. Robertson*, Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellants instituted this action in the chancery court against appellees, G. W. Cooper and Arthur Cotter, trustees, to restrain them from selling certain lands under the power of sale contained in a mortgage. Appellants allege that they were the children and sole heirs at law of Georgia Ann Harrington, born Wood, and that by the terms of the will of Dr. Geo. Wood, her father, she owned a life estate in said lands and they own the reversion. A copy of the will is made an exhibit to the complaint and a part of it. The property embraced in this suit is that devised by the second item of the will.

They further allege that their mother mortgaged the land to appellee, Cooper, and that Cooper is attempting to sell the land under the power of sale contained in the mortgage. That if the sale is made there will be a cloud upon their title. Appellees answered and asked that Mrs. Georgia Ann Harrington be made a party to the suit, that she be declared to have

a fee simple title in the land and also prayed for a foreclosure of his mortgage and judgment for the amount of his mortgage debt. The will reads as follows:

"I, George Wood of the county of Lee, and State of Arkansas, being of sound mind and disposing memory do make and publish this my last will and testament hereby revoking and annulling all others, heretofore made by me.

First Item: It is my will and desire that all of my just debts shall be promptly paid.

Second Item: I give to my beloved wife Mary Jane Wood during natural life and to our daughter Georgia Anna Wood that portion of the tract of land on which we reside lying north and east of Jacks Creek containing about five hundred acres, including the dwelling and gin house and other improvements as a joint support for my wife and daughter during the lifetime of my wife and at the death of my wife I desire and intend that my daughter Georgia Anna Wood shall take in her own right the entire interest should she survive her mother and should my said daughter Georgia Anna Wood die childless, then in that case the whole shall revert to my estate and be equally divided between my other children or their descendants of the same, the children of such as may be dead taking the interest that the parent would be entitled to if living.

Third Item: I give jointly and equally to wife May Jane Wood and our daughter Georgia Anna Wood five head of the work mules on the place to be a full average of the whole with a sufficient quantity of harness, tools and farming instruments to cultivate the place successfully to be selected from the stock on hand. My buggy horse, Rockaway and harness. Three head of milk cows and calves; two sows and pigs; two hundred and fifty bushels of corn, three thousand pounds of pork, one-half to be in clear bulk sides; three hundred dollars in United States currency, the whole of the household and kitchen furnitures, all of the queensware on hand, one-half of the knives and

forks, silver spoons, ladles, goblets and other silver-ware on hand. The above bequests contained in items two and three are made to my wife and daughter believing that it is their full share of my entire estate, ample for a comfortable support and in consideration of my wife relinquishing dower in the same.

Fourth Item: The whole of the residue of my estate both real and personal I give and bequeath to my five children namely: John Rice Wood, Lucy Caroline Thompson, Mary Francis Macklin, James Edward Wood and Thomas Wood. and after adjusting the accounts of advancements heretofore made by me to them as shown by my Book of Advancements to which a reference is made, the remainder shall be equally divided between them, each taking one-fifth share of the same, as it is my intention to do equal and exact justice to all and that all shall share and share alike.

Fifth Item: It is my desire that my library shall be equally divided between my wife and six children each taking in 1-7 value.

Sixth Item: In the event of the collection of a just * * * against the United States Government for property taken from my brother, W. H. Wood and myself, I direct my Administrator to hand to each of the older children of my son John Rice Wood, namely George Guy Wood, Lucy Wood, P. Wood and Fanny Wood the sum of one hundred dollars and divide the remainder equally between my wife and six children, each taking one-seventh part.

Seventh Item: I give my gold watch to my grandson, Samuel William Wood.

Eighth Item: I constitute and appoint my brother, W. H. Wood, Administrator and Trustee to execute and carry out the purposes and intentions of this will, having full confidence in his integrity. I request of him no bond but his own for the faithful performance of the trust.

In testimony whereof I have hereunto set my hand and * * * this 9th day of November, 1873.

GEORGE WOOD (SEAL)."

The chancellor found in favor of appellee, Cooper, and entered a decree dismissing the complaint of appellants and ordering the mortgage to be foreclosed, and rendered a judgment in favor of Cooper against Mrs. Georgia Anna Harrington for the amount of his mortgage debt. To reverse that decree appellants prosecute this appeal.

*D. S. Plummer* and *Daggett & Daggett* for appellants.

Under Kirby's Digest, § 735, the appellants, under the will, became the owners of the lands subject to a life estate in the mother. The will created "an estate tail by implication" and under our statute a fee simple estate in appellants, on the death of the life-tenant, their mother. Tiedeman (3 Ed.) § 39, note 10 and § 40; 40 Cyc. 1600-2; 8 Am. Dec. 330; 71 N. E. 703; 17 Sup. R. 488; 83 S. W. 453; 12 East, 253; 15 Pick. 104; Bar. & Ald. 713; 1 Sumn. 359; 18 Am. Rep. 589; 15 Ga. 122; 3 *Id.* 551; 34 Atl. 191; *Ib.* 501; 5 Pa. St. 264; 27 Am. Dec. 746; 10 R. C. L. 652; 91 N. E. 91; 54 N. E. 304; 32 *Id.* 114, 768; 10 Haw. '547; 80 Ark. 252; 90 *Id.* 520; 17 U. S. Sup. 488; 3 Ark. 147; 23 *Id.* 179; *Ib.* 357; 49 *Id.* 357; 95 *Id.* 333; 7 L. R. A. 1094; 40 Cyc. 1427-9 (C), (2) (11) 1431, 1433-8; 186 Fed. 770; 173 S. W. 831; 40 Cyc. 1396; 74 Ark. 422; 51 *Id.* 61, 62.

*Smith & McCulloch, Mann, Bussey & Mann* and *Edgar H. McCulloch* for appellee.

1. The following estates were created under the will.

1. Mary Jane Wood, the wife, and Georgia Anna Wood, the daughter, as joint-tenants for the life of the former. 2. Contingent remainder in Georgia Anna Wood, if she survives her mother, subject to an executory devise in favor of the other children, if she should die childless. 1 Vent. 231; Jarman on Wills (6 Ed.), 1919; 11 H. of L. Cases, 143; 16 Ga. 545; 20 Dec. Dig. § 545 (3) (4); 3 Ark. 147.

2. A definite failure of issue was intended. 90 Ark. 152; 104 *Id.* 439; 2 Mass. 56; 34 Barb. (N. Y.) 594; 17 Hun. (N. Y.) 215; 59 Vt. 557; 32 N. E. 687; 70 Ga. 572; 95 Ark. 333; 23 *Id.* 179, 357; 49 *Id.* 125; 74 *Id.* 545; 75 *Id.* 20 and many others.

3. Parol evidence was not admissible. 36 Am. & Eng. Am. Cas. 1 and note; 40 Cyc. 1429-30 (11); *Ib.* 1433-35; (Ed. 1); 4 A. & E. Am. Cas. 1136.

4. The complaint is demurrable. 79 Ark. 185; 98 *Id.* 595. The test for the right to remove cloud on title is set out in 37 Ark. 516.

HART, J. (after stating the facts). (1) In construing the provision of a will, the intention of the maker is first to be ascertained, and, when not at variance with recognized rules of law, must govern. The intention of the testator must be gathered from all parts of the will, and such construction be given as will, if possible, give force and meaning to every clause of the will. *Parker* v. *Wilson*, 98 Ark. 553; *Archer* v. *Palmer*, 112 Ark. 527.

The particular clause of the will whose construction is involved by this appeal reads as follows:

"I give to my beloved wife, Mary Jane Wood, during natural life and to our daughter, Georgia Anna Wood, that portion of the tract of land on which we reside, lying north and east of Jacks Creek containing about five hundred acres, including the dwelling and gin house and other improvements as a joint support for my wife and at the death of my wife I desire and intend that my daughter, Georgia Anna Wood, shall take in her own right the entire interest should she survive her mother and should my said daughter, Georgia Anna Wood, die childless then in that case the whole shall revert to my estate and be equally divided between my other children or their descendants of the same, the children of such as may be dead taking the interest that the parent would be entitled to if living."

It is the contention of counsel for appellants that under section 735 of Kirby's Digest they became, under the will, the owners in fee of the lands in controversy subject to a life estate therein in their mother. We do not agree with their contention.

(2-5) Bearing in mind the settled rules of construction of wills just referred to and that the law favors the vesting of estates as early as possible, it will be seen that the first part of the clause just quoted gives to the wife of the testator a life estate in the property and that that part which reads "and at the death of my wife I desire and intend that my daughter, Georgia Anna Wood, shall take in her own right the entire interest should she survive her mother," devised to the daughter a fee simple estate to take effect on the death of her mother. It will be noted that this clause is followed by a defeasance clause which reads as follows: "And should my said daughter, Georgia Anna Wood, die childless and in that case the whole shall revert to my estate and be equally divided between my other children and their descendants of the same, the children of such as may be dead taking the interest that the parent would be entitled to if living."

It seems clear that the defeasance relates to the time of the death of the mother of appellants. That is the time fixed for her remainder interest to take effect. The words "die childless" mean without having had or without leaving a child. In this way and in no other can every clause of the will be harmonized and have force and effect. It is perfectly clear that the testator intended that his daughter, Georgia Anna, should take a fee simple when he used the words, "shall take in her own right the entire interest," and it is also clear that he intended the estate to vest when her mother died by using the words, "should she survive her mother." The last clause already quoted by using the words "die childless," etc., means that if Georgia Anna should die without having a child or leaving a child before her mother's death, that the whole shall revert to the testator's estate and be

equally divided among the testator's other children. In short it meant that the remainder in fee should be vested in Georgia Anna at her mother's death and in case Georgia Anna should die without leaving a child before her mother's death the estate should revert to the testator's estate and be divided among his other children.   This is in application of a rule that where an estate is devised to one for life, with remainder to another, with the further provision that, if the remainderman should die without having a child, then to a third person, the words "die without having a child" are restricted to the death of the remainderman before the termination of the particular estate.   *Birney* v. *Richardson*, 5 Dana (Ky.) 432; *Daniel* v. *Thomson*, 14 B. Mon. (Ky.) 662; *Thackston* v. *Watson*, (Ky.) 1 S. W. 398; *Pruitt* v. *Holland*, (Ky). 18 S. W. 852; *Ferguson*, etc., v. *Thomasson, et al.* (Ky.) 9 S. W. 714; *Harvey*, etc., v. *Bell* (Ky.), 81 S. W. 671; *Bradshaw* **v.** *Butler* (Ky.), 110 S. W. 420.

This conclusion is borne out by the context of the will.   The testator in one case refers to having made advancements to certain of his children and says that it is his intention to do equal and exact justice to all of his children and that all may share and share alike. Other language used in the will also shows that it was the intention of the testator that all his children should share equally in his property taking into consideration certain advancements made to his older children.

It follows that the decree will be affirmed.