TAYLOR *v.* MANLEY.

Opinion delivered February 13, 1922.

WILLS—CONSTRUCTION.—Where a will conveyed all the testator's real property to a devisee "during her life and at her death to be equally divided between her brothers and sisters, I mean her legal heirs", the intention was to convey a life estate to the devisee with remainder to her brothers and sisters, and not to issue of the devisee subsequently born.

Appeal from St. Francis Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*Mann & Mann,* for appellants.

The intention of the testator must be ascertained from the language of the whole instrument taken together, rather than from any particular form of words, and the will should be so construed as to give effect to that intention, so long as it violates no rule of law. 111 Ark. 54; 112 *Id.* 527; 126 *Id.* 53; 104 *Id.* 439. Tested by this rule, it is manifest that it was the purpose of the testator to give a life estate to Lorena Utley, with remainder over to her legal heirs. When the will was drawn and at the death of the testator, the legal heirs of Lorena Utley were her brothers and sisters; but afterwards she married and children were born to her. They are her legal heirs. Words & Phrases, vol. 5, p. 4064.

*Walter Gorman,* for appellees.

By the use of the words "I mean her legal heirs" the devise was brought within the rule in Shelley's case, which is a rule of law and not of construction, and vested a fee simple title in the lands designated in the will. 58 Ark. 303; 105 *Id.* 558; 138 *Id.* 362; Washburn on Real Estate, 5th Ed., 651 and 653; Bouvier, vol. 4, p. 3057; L. R. A. 2, p. 455, and notes.

WOOD, J. On the 11th day of July, 1889, E. C. Hughes executed his last will and testament, which, omitting the opening and closing paragraphs, contained the following provisions:

"I give and bequeath to my beloved wife, Martha Malvina, all my real estate and all my personal prop-

erty after paying my just debts, to have and to hold as her property as long as she lives.    After her death, I give to each one of my nieces and nephews ten dollars.

"I give to my brother, J. J. Hughes, ten dollars.

"The balance of my personal property and all my real estate, consisting of the Linden farm, Jones place, the Casteel place, all in St. Francis County, Arkansas, I give to Lorena Utley during her life, and at her death to be equally divided between her brothers and sisters, I mean her legal heirs."

This action was begun by Mattie Alva Taylor in her own name and as next friend of W. R. Taylor, Jr., and Alice R. Taylor, minors.    The complaint set out the will and alleged that Martha Malvina Hughes, who was the wife of E. C. Hughes at the time he executed the will, died before the said testator, E. C. Hughes, and at the time the said E. C. Hughes executed the will and at the time of his death the next of kin of Lorena Utley, who was made defendant in the action, consisted of her mother, Mattie Hughes, her brother of the whole blood, John William Utley, her two brothers of the half blood, Freeman Easkey Patrick Hughes and Thomas Miers Hughes, and one sister of the half blood, Mary Elizabeth Hughes, now the wife of Enos Altman, all of whom are now living and of full age; that several years after the death of Martha Malvina Hughes, the testator, E. C. Hughes, married Lorena Utley, one of the devisees named in the will, and died September 13, 1897, without issue of either of his marriages; that, after the death of E. C. Hughes, the testator, Lorena Utley Hughes, became the wife of W. R. Taylor.    Of this marriage three children were born, to-wit:   Mattie Alva Taylor, Walter R. Taylor, Jr., and Alice R. Taylor, the plaintiff.

The plaintiffs alleged that Lorena Taylor had sold to A. T. Manley, Jr., who was also made a defendant, the standing timber on the lands described in the will for the sum of $1,000, and that the said A. T. Manley, Jr., is now engaged in cutting and removing the timber from

the land; that the defendants were insolvent, and that the cutting of the timber will greatly damage the farm, to the plaintiffs' irreparable loss. The complaint further alleged that the will devised only a life estate to Lorena Taylor, and that plaintiffs, who were her children, became her legal heirs and entitled to the fee in said lands. They prayed for an injunction and all proper relief. The defendants interposed a demurrer to the complaint, which was by the court sustained. The plaintiffs elected to stand on the complaint. The court thereupon entered a decree dismissing the complaint, from which the plaintiffs below appeal.

The appeal involves the construction of the will. The appellants contend that the appellee, Lorena Utley, only acquired a life estate under the will. On the other hand, the appellees contend that she acquired an estate in fee simple. Construing the two paragraphs of the will above set forth, we are convinced that the testator intended to devise to the appellee, Lorena Utley, a life estate with the remainder over to her brothers and sisters. The testator, at the time of the execution of his will, was making a final disposition of all of his property to the devisees named therein with reference to the status and relationship they then sustained to him. The allegations of the complaint show that at the time the will was executed the testator's then wife was Martha Malvina, and to her he gave his entire estate, real and personal, for life, and at her death he gave to each one of his nieces and nephews ten dollars and to his brother ten dollars; and all the balance of the estate, real and personal, he gave to Lorena Utley, whose mother married the testator's brother, and at her death to her brothers and sisters who were her legal heirs. The testator used the words "legal heirs" not in the sense of describing her children, the heirs of her body—her heirs or lineal descendants—but to describe those who would be her heirs were she to die unmarried and without issue before the testator's death when the will took effect.

It occurs to us that the testator at the time of his will was making provision for his then wife and for his nieces and nephews and Lorena Utley, and that he did not have in mind at all any prospective heirs that might be born to Lorena Utley in the event she married and died before his death. It seems to us that it is unreasonable to conclude from the language of the will that the testator contemplated that Lorena might afterward marry and have children, and in the event that she did marry and children were born to her, he desired to provide for them. We are convinced that the more reasonable construction is that he intended for Lorena to have a life estate, and in the event of her death that the estate should go to her brothers and sisters, who, both at the time of the execution of the will and at the time of the testator's death, when the will took effect, were the next of kin or legal heirs of Lorena Utley. The clause in the will, to-wit: "I give to Lorena Utley during her life and at her death to be equally divided between her brothers and sisters, I mean her legal heirs", has the same meaning as if it had been written as follows: "I give (the estate named) to Lorena Utley during her life and at her death to her brothers and sisters who are her 'legal heirs' to be divided equally between them." In other words, the term "legal heirs" was intended to describe her brothers and sisters at the time of the execution of the will. It was the evident purpose of the testator, we believe, to provide for those who were in being at the time of the will, and not for those who were then unborn.

In *Healy* v. *Healy,* 39 Atl. 793, one of the clauses of the will was as follows: "I give and bequeath to my brother John Healy the use of one-twentieth of remainder of my estate, real and personal, at his decease to go to his legal heirs." There were other similar clauses in the will and the Supreme Court of Connecticut said: "It is therefore certain that he (the testator) here uses the words 'legal heirs' in the popular sense, as indicating the persons entitled to inherit if his brother were dead."

In *Kaiser* v. *Kaiser*, 3 Howard Practice, N. S., at page 104 it is said: "The phrase 'legal heirs', although generally a term of description, has a well-defined meaning, and, whether applied to real estate or personalty, it includes only next of kin or relatives by blood, and excludes the widow."

In *Mull's Executors* v. *Mull's Admr.*, 81 Penn., p. 393, the testator gave the yearly interest of a son to his wife for life, and the will specified that after her death "the principal shall be equally divided among all my children, or their legal heirs, if any of my children should die before such mentioned period doth arrive." The court held that the words "or their legal heirs" were not used to individuate grandchildren, but to supply a legal succession, and these words mean legal representatives.

In construing this will we must find out, if possible, what was the intention of the testator from all the language of the will and give effect to that intention. *Webb* v. *Webb*, 111 Ark. 54; *Booe* v. *Vinson*, 104 Ark. 439; *Archer* v. *Palmer*, 112 Ark. 527; *Harrington* v. *Cooper*, 126 Ark. 53. Applying this familiar rule of construction, we have reached the conclusion, as above stated, that the will did not at the death of the testator vest a fee simple estate in Lorena Utley; that she only took an estate for life. No question as to who were proper or necessary parties to the suit was raised in the court below, and, inasmuch as the rights of the brothers and sisters are not involved and not affected adversely by the conclusion we have reached, we find it unnecessary to give any directions concerning them. They were not made parties. The trial court erred in finding that the will vested the fee simple title in Lorena Utley, but, notwithstanding such finding, ruled correctly in sustaining the demurrer to the complaint and in entering a decree dismissing same, because it fails to state a cause of action in favor of appellants. This decree is therefore affirmed.

HART and SMITH, JJ., dissenting.

# INDEX

ABATEMENT AND REVIVAL:

> pendency of another action as ground of abatement. *Sims* v. *Miller*, 377.

ADVERSE POSSESSION:

> permissive possession not adverse. *Fry* v. *Grismore-Hyman Co.* 44.
> husband or wife cannot obtain tax title against the other when. *Tompkins* v. *Tompkins*, 572.

APPEAL AND ERROR:   See BILL OF EXCEPTIONS.

> presumption as to answer omitted from transcript. *Miller Rubber Co.* v. *McKennon*, 15.
> construction of former opinion. *Dickson* v. *Board of Directors of Long Prairie Levee Dist.* 22.
> error of giving instruction invited when. *Davis* v. *Scott*, 34.
> presumption from silence of abstract. *Bowman Eng. Co.* v. *Arkansas & Missouri Highway Dist.*, 47.
> necessity of specific objection to charge. *Chicago, R. I. & P. Ry. Co.* v. *McClanahan*, 77.
> instruction held not misleading. *Wisconsin & Arkansas Lbr. Co.* v. *Smith*, 95.
> incompetent evidence not harmless when. *Christian & Taylor* v. *Fancher*, 102.
> objection to award of special damages not waived when. *Morrison* v. *Weinstein*, 255.
> instruction as to special damages harmless when. *Id.*
> appellant cannot complain of abstract instruction given when he requested one on same subject. *L. J. Smith Const. Co.* v. *Tate*, 278.
> incompetent evidence harmless when. *Id.*
> verdict on conflicting evidence conclusive. *Hinton* v. *Martin*, 343.
> presumption where instructions not set out. *Id.*
> abstract instruction harmless when. *Sims* v. *Miller*, 377.
> objection to permitting taxpayers to intervene not raised on appeal. *Johnston* v. *Conway*, 398.
> objection that account against county was not raised below not raised on appeal. *Road District No.* 27 v. *Spradley*, 494.
> weight of evidence not for appellate court. *Hines* v. *Johnson*, 549.
> erroneous instruction harmless when. *Id.*
> issue not raised below not considered. *Youree* v. *Ralls*, 554.
> admission of incompetent evidence prejudicial when. *J. S. Elder Grocery Co.* v. *Applegate*, 565.

ASSIGNMENTS: See PARTIES.

ASSOCIATIONS:

liability of officers of unincorporated association to members thereof. *Ferguson v. Crawford*, 503.

such officers required to account to such members when. *Id.*

evidence *held* to justify finding that defendants were trustees of association. *Id.*

right of members to sell interest in property. *Id.*

AUTOMOBILE: See INTOXICATING LIQUORS.

BILL OF EXCEPTIONS: See EXCEPTIONS, BILL OF.

CARRIERS:

instruction as to liability for overcharge in passenger fare held not reversible error. *Chicago, R. I. & P. Ry. Co.* v. *McClanahan*, 77.

statute fixing passenger fares held unconstitutional. *Id.*

penalty recoverable for overcharge. *Id.*

right to notice of claims for damages to freight in transit. *Barrett* v. *St. Louis S. W. Ry. Co.*, 215.

evidence *held* to sustain finding of negligence in transporting perishable freight. *Id.*

CASES OVERRULED:

*Bennefield* v. *State*, 62 Ark. 365, overruled. *Tallman* v. *State*, 111.

*Mays* v. *Blair*, 120 Ark. 69, overruled. *Hinton* v. *Martin*, 356.

*Shelton* v. *Ratterree*, 121 Ark. 482, overruled. *Hinton* v. *Martin*, 356.

COMMERCE:

sale of goods shipped to buyer in another State held to constitute interstate commerce. *Rose City Bottling Works* v. *Godchaux Sugars, Inc.*, 269.

foreign corporation held not doing business in State when. *Id.*

CONTINUANCE:

not error to refuse, for absent witness in absence of diligence. *Hoffer* v. *State*, 299.

discretion to refuse continuance for absent witnesses. *Murray* v. *State*, 331. *Harper* v. *State*, 338.

continuance for absent witnesses properly refused when. *Laster* v. *State*, 608.

CONTRACTS: See EVIDENCE.

construction against party preparing contract. *Wisconsin & Arkansas Lbr. Co.* v. *Fitzhugh*, 81.

CONTRACTS: (Continued).

> construction of contract question for jury when. *Id.*
> construction of contract excepting certain trees. *Id.* .
> no recovery on *quantum meruit* where there is express contract. *Christian & Taylor* v. *Fancher*, 102.

CORPORATION COMMISSION: See PUBLIC SERVICE COMMISSION.

CORPORATIONS:

> preference by insolvent corporation *held* void. *Miller Rubber Co.* v. *McKennon*, 15.
> foreign corporation not doing business in State when. *Rose City Bottling Works* v. *Godchaux Sugars, Inc.*, 269.

COURTS:

> construction of language of opinion. *Dickson* v. *Board of Directors of Long Prairie Levee Dist.*, 22.

CRIMINAL LAW: See HOMICIDE; SEDUCTION; INDICTMENT AND INFORMATION; CONTINUANCE; WITNESSES.

> instruction as to corroboration of accomplice approved. *Casteel* v. *State*, 69.
> sufficiency of such corroboration. *Id.*
> courts judicially know location of county seats and boundary lines. *Wells* v. *State*, 221.
> instruction not objected to below not considered on appeal. *Id.*
> admission of erroneous evidence harmless when. *Id.*
> order of introduction of testimony discretionary. *Id.*
> general objection insufficient to call attention to ambiguity in instruction. *Lindsey* v. *State*, 227.
> error in admission of evidence not objected to not considered. *Seaton* v. *State*, 240.
> specific objection required as to instruction on credibility of witnesses. *Id.*
> instruction as to evidence of defendant's character held harmless. *Id.*
> improper argument not reversible error when. *Id.*
> instruction as to venue approved. *McClain* v. *State*, 266.
> venue of murder committed on Mississippi River. *Padgett* v. *State*, 290.
> objection to instruction not saved below waived. *Id.*
> evidence as to reports made by detective admissible when. *Hopper* v. *State*, 299.
> no new trial for newly discovered evidence when. *Id.*
> admission of incompetent evidence invited error when. *Harper* v. *State*, 338.

CRIMINAL LAW: (Continued).

    evidence *held* to corroborate accomplice. *Id.*

    sufficiency of proof of venue. *Martin* v. *State*, 365.

    conviction not based on mere suspicion. *Id.*

    error to refuse to charge as to defendant's failure to testify. *Id.*

    weight of evidence for jury. *Ritchie* v. *State*, 375.

    resistance of arrest as evidence of guilt. *Id.*

    necessity for objecting to instructions given or refused. *Walker* v. *State*, 394.

    abstract instructions harmless when. *McGarity* v. *State*, 423.

    defect in indictment first raised on appeal when. *McIntire* v. *State* 458.

    effect of former conviction under bad indictment. *Id.*

    argument of prosecuting attorney held prejudicial. *Moore* v. *State*, 515.

    statement of third person in defendant's absence inadmissible against him. *Id.*

    such statement inadmissible against him though made in his presence when. *Id.*

    defendant's confession admissible when. *Henry* v. *State*, 620.

    instruction as to admissibility of confession improperly refused *Id.*

CUSTOMS AND USAGES:

    usage of trade not proved by evidence of local custom. *Markstein Bros. Millinery Co.* v. *J. A. White & Co.*, 1.

DAMAGES:

    special damages recoverable for breach of contract when. *Morrison* v. *Weinstein*, 255.

DEATH:

    verdict of $3,000 for death of seven-year-old boy not excessive. *Hines* v. *Johnson*, 349.

DESCENT AND DISTRIBUTION:

    estate descend from father on heir's death without issue goes to father's heirs. *Cunningham* v. *Dellmon*, 409.

DIVORCE:

    authority to change order in regard to custody of child. *Jackson* v. *Jackson*, 9.

    third person cannot appeal from decree granting divorce. *Lance* v. *Mason*, 114.

    wife's interest on division of property is life estate. *Id.*

DIVORCE: (Continued).

> such interest subject to incumbrances. *Id.*
> sufficiency of evidence of personal indignities. *Pryor* v. *Pryor*, **150.**
> not granted on uncorroborated testimony of party. *Id.*

DOWER:

> jurisdiction of equity to award. *Maxwell* v. *Awtrey*, **85.**
> assignment without adjudication of court. *Id.*
> description in order allotting dower held too indefinite. *Cunning-ham* v. *Dellmon*, **409.**
> *ex parte* proceeding to allot dower is invalid. *Id.*

DRUNKENNESS:

> sufficiency of proof of being drunk on highway. *McClain* v. *State*, **266.**
> instruction as to venue approved. *Id.*

EJECTMENT:

> modification of instruction approved. *Fry* v. *Grismore-Hyman Co.*, **44.**

EQUITY: See Dower; Wills.

> jurisdiction to wind up affairs of highway district. *Bowman Eng. Co.* v. *Arkansas & Missouri Highway District*, **47.**
> jurisdiction of chancery to enforce equitable liens. *Rose City Bottling Works* v. *Godchaux Sugars, Inc.*, **269.**
> retaining jurisdiction to administer complete relief. *Id.*
> beneficiaries of trust not guilty of laches in permitting purchaser from trustee to pay taxes. *Pharr* v. *Fink*, **305.**

EMINENT DOMAIN:

> necessity of condemnation for levee purposes. *Dickson* v. *Board of Directors of Long Prairie Levee District*, **22.**

EVIDENCE:

> parol evidence admitted to explain ambiguous written contract. *Wisconsin & Arkansas Lbr. Co.* v. *Fitzhugh*, **81.**
> exhibits as controlling pleading. *Cunningham* v. *Dellmon*, **409.**
> obscure pleading treated as parties treated it. *Id.*
> evidence that advertisement complied with contract *held* competent. *Foster-Holcomb Inv. Co.* v. *Little Rock Pub. Co.*, **449.**

EXCEPTIONS, BILL OF:

> stenographic report of trial must be approved. *Chaffin* v. *Lee County Nat. Bank*, **106.**

EXECUTORS AND ADMINISTRATORS:

> right of administratrix to sell land for debts. *Maxwell* v. *Awtrey*, 85.

FALSE PRETENSES:

> statute as to obtaining signature by false pretense construed. *State* v. *Bond*, 203.
> sufficiency of indictment. *Id.*

FRAUD:

> conveyance to one as trustee held to give notice. *Pharr* v. *Fink*, 305.

FRAUDS, STATUTE OF:

> sufficiency of memorandum of sale of goods. *Rose City Bottling Co.* v. *Godchaux Sugars, Inc.*, 269.
> parol trust in land within statute when. *Pharr* v. *Fink*, 305.
> pleading held to allege parol trust within statute. *Id.*

FRAUDULENT CONVEYANCES:

> evidence held not to sustain charge of participating in scheme to defraud divorced wife. *Lance* v. *Mason*, 114.

GARNISHMENT:

> judgment against garnishee sustained when. *Samuelson* v. *Patterson & Co.*, 90.
> garnishee not liable where court had no jurisdiction of principal suit. *S. A. Robertson & Co.* v. *Lewis Rich Const. Co.*, 557.
> effect of filing amended complaint stating new cause of action. *Id.*

HIGHWAYS:

> authority of commissioners to contract for preliminary work. *Bowman Eng. Co.* v. *Arkansas & Mo. Highway Dist.*, 47.
> right of engineers to recover under contract of employment. *Id.*,
> no injunction against opening road when. *Morrow* v. *Mock*, 392.
> collateral attack on assessment of benefits not made when. *Road Imp. Districts 1, 2 and 3* v. *Crary*, 484.
> how and when attack on assessment made. *Id.*
> zonal system of assessment not invalid when. *Id.*
> road districts may cover entire county. *Id.*
> special act creating three road districts not invalid because roads run from one district to another. *Id.*
> conclusiveness of legislative finding of singleness of improvement. *Id.*

HIGHWAYS: (Continued).

    authority of district to issue interest-bearing evidences of in-
        debtedness. *Id.*

    special act creating three road districts held not violative of uni-
        form tax provision. *Id.*

    such act not invalid in authorizing assessment of homesteads. *Id.*

    evidence held to sustain finding that road overseer was authorized
        to make expenditures. *Road Dist. No. 27* v. *Spradley,* 494.

    such authority not required to be in writing. *Id.*

    statute requiring such authority *held* substantially complied with.
        *Id.*

HOMESTEAD:

    attempt by widow to sell homestead *held* an abandonment. *Cun-
        ningham* v. *Dellmon,* 409.

    in such case statute begins to run against heirs. *Id.*

    right of widow to prove up homestead on entryman's death.
        *Tompkins* v. *Tompkins,* 572.

    conveyance to husband and wife *held* to create estate by en-
        tirety. *Id.*

    deed from wife to husband conveys equitable title. *Tompkins* v.
        *Tompkins,* 572.

    deed from wife to husband upheld. *Id.*

HOMICIDE:

    allegation that nature of instrument used to kill was unknown
        *held* immaterial. *Wells* v. *State,* 221.

    burden of proof in assault with intent to kill. *Parsley* v. *State,*
        246.

    admissibility of threats by person assaulted. *Id.*

    evidence *held* to sustain finding of murder in second degree.
        *Padgett* v. *State,* 290.

    sufficiency of evidence as to mode of killing. *Id.*

    admission of evidence of accused's general reputation *held* in-
        vited error when. *Harper* v. *State,* 338.

    not error to exclude record of deceased's conviction of robbery.
        *Jett* v. *State,* 439.

    not error to refuse to repeat instructions. *Id.*

    officer not authorized to kill one charged with misdemeanor. *Id.*

    authority of officer to kill person resisting arrest. *Id.*

    instruction on self-defense approved. *Id.*

    instruction as to murder committed by officer in making arrest
        approved. *Id.*

    malice defined.

    malice presumed when. *Id.*

HOMICIDE: (Continued).

instruction as to murder in attempt to rob approved. *Henry* v. *State*, 620.

instruction as to liability for killing in pursuance of conspiracy to rob approved. *Id.*

indictment and proof *held* not variant. *Id.*

HUSBAND AND WIFE:

estate of tenancy by entirety not changed by Constitution and statutes. *Parrish* v. *Parrish*, 161.

INDICTMENT AND INFORMATION:

sufficiency of indictment for statutory offense. *State* v. *Bond*, 203.

State not required to elect between counts in murder case when. *Harper* v. *State*, 338.

sufficiency of general verdict of guilty on several counts. *McIntire* v. *State*, 458.

INJUNCTION:   See HIGHWAYS.

will not lie to compel collection of assessments in improvement district. *Johnston* v. *Conway*, 398.

INNKEEPERS:

liability for personal property of guests. *Huckins Hotels* v. *Smith*, 167.

may make special contract with guest. *Id.*

agreement to stop at hotel as consideration for agreement. *Id.*

baggage check as evidence of contract to keep guest's property. *Id.*

instruction as to hotel-keeper's liability for loss of guest's baggage disapproved. *Id.*

liability of hotel-keeper for loss of guest's baggage for jury when. *Id.*

INSURANCE:

forfeiture of policy for misrepresentation waived by delay when. *New York Life Ins. Co.* v. *Adams*, 123.

delay *held* to amount to waiver of forfeiture. *Id.*

right of plaintiff to statutory penalty and attorney's fee. *Id.*

evidence *held* not to establish delivery of policy. *New York Life Ins. Co.* v. *Mason*, 135.

effect of delivery of policy on Sunday. *Id.*

delivery on Sunday not ratified when. *Id.*

burden of proof as to delivery. *Id.*

INSURANCE: (Continued).

> waiver and estoppel as to insurance contracts distinguished. *Sovereign Camp W. O. W.* v. *Richardson*, 231.
>
> insurance company estopped by representation by agent when. *Id.*
>
> defense to suit on indemnity policy held bad. *Southern Surety Co.* v. *Puryear-Meyer Grocer Co.*, 480.
>
> "underwriting profits" defined. *Bullion* v. *Aetna Ins. Co.*, 519.
>
> no allowance made for income taxes. *Id.*
>
> what companies considered. *Id.*
>
> no deduction for conflagration hazard. *Id.*
>
> proof of theft of car waived when. *National Union Fire Ins. Co.* v. *Crabtree*, 561.
>
> authority of agent to waive such proof. *Id.*
>
> statute relating to penalty and attorney's fee inapplicable to theft insurance. *Id.*
>
> mode of proof of death in military service. *Watkins* v. *La. State Life Ins. Co.*, 596.
>
> right to charge extra premium for increased hazard. *Id.*

INTOXICATING LIQUORS:

> no authority to confiscate vehicle transporting liquors. *State* v. *One Ford Automobile*, 29.
>
> statute construed. *Id.*
>
> evidence held admissible on charge of manufacturing. *Casteel* v. *State*, 69.
>
> evidence held to prove sale of. *Ritchie* v. *State*, 375.
>
> evidence *held* to sustain conviction of setting up distillery. *Walker* v. *State*, 394.
>
> not error to permit witness to set up and exhibit still. *Id.*
>
> still is set up when. *McGarity* v. *State*, 423.
>
> not error to permit witness to explain parts of still and how they are put together. *Id.*
>
> evidence *held* to sustain conviction of possessing or setting up still. *McIntire* v. *State*, 458.

JUDGMENTS:

> prior judgment in another action as bar. *Sims* v. *Miller*, 377.
>
> default judgment set aside for unavoidable casualty when. *Columbia County* v. *England*, 465.
>
> what constitutes meritorious defense on motion to set aside default. *Id.*
>
> judgment vacated after term for clerk's misprision when. *Williams* v. *Bogard*, 611.

JURY:

> preconceived opinion to disqualify juror when. *Snyder* v. *State*, 601.
>
> holding biased juror to be competent prejudicial when. *Id.*

LACHES: See EQUITY.

LANDLORD AND TENANT:

    lien of landlord superior to title of purchaser of warehouse receipt. *Lynch* v. *Mackey*, 145.

    landlord *held* to have waived right to forfeiture for abandonment of lease when. *Salley* v. *Michael*, 172.

    landlord's lien not waived when. *Morrilton Cotton Oil Co.* v. *Imboden*, 178.

    liability of firm assuming liability for rent. *Id.*

    construction of covenant to renew lease. *Felder* v. *Hall Bros. Co.*, 182.

    right of lessor to refuse to renew lease. *Id.*

    liability of lessor for failure to deliver possession to lessee. *Morrison* v. *Weinstein*, 255.

    measure of damages for lessor's failure to deliver possession. *Id.*

    special damages for breach of covenant not recoverable when. *Id.*

    sale of leased premises under paramount title on eviction when. *Basin Park Hotel Assn.* v. *Arkansas Co.*, 322.

    right of evicted tenant to recover for repairs. *Id.*

    landlord's lien on tenant's crop for rent and supplies prior to that of mortgagee. *Morgan* v. *Russell*, 405.

LARCENY:

    variance between indictment and proof fatal when. *Roy* v. *State*, 471.

LICENSES: See NEGLIGENCE.

LIMITATION OF ACTIONS:

    limitation to action on written contract is five years. *Sims* v. *Miller*, 377.

    statute applicable to particular action. *Id.*

    action commenced when summons issued and delivered to officer. *Id.*

    action must be so commenced in county of defendant's residence. *Id.*

    right to bring new action after nonsuit. *Id.*

    limitation of five years to actions on written contracts. *W. T. Rawleigh Co.* v. *Pritchard*, 390.

    part payment within five years stops running of statute. *Id.*

    defense of statute raised by demurrer when. *Cunningham* v. *Dellmon*, 409.

    minor seeking to recover land sold by guardian during infancy barred when. *Id.*

    limitation runs against heirs of homestead on widow's abandonment. *Id.*

LIMITATION OF ACTIONS: (Continued).

amending complaint by substituting parties not bringing of new
action when. *Foster-Holcomb Inv. Co.* v. *Little Rock Pub.
Co.,* 449.

LOGS AND LOGGING:

exception in sale of timber explained by parol when. *Wisconsin
& Ark. Lbr. Co.* v. *Fitzhugh,* 81.

LOST INSTRUMENT:

evidence *held* to establish execution of lost deed. *Tompkins* v.
*Tompkins,* 572.

MALICIOUS MISCHIEF:

no presumption that killing of another's dog was malicious. *Tall-
man* v. *State,* 108.
school directors not guilty of in removing schoolhouse. *Thompson*
v. *State,* 369.
such directors not liable for damaging church property when. *Id.*

MALICIOUS PROSECUTION:

not error to direct verdict for defendants when. *Scott* v. *Penning-
ton,* 26.

MASTER AND SERVANT:

negligence of fellow servant in propelling motor vehicle. *Wis-
consin & Ark. Lbr. Co.* v. *Smith,* 95.
negligence of fellow servant causing death *held* established by
evidence when. *L. C. Smith Const. Co.* v. *Tate,* 278.
servant *held* not to have assumed risk when. *Id.*

MECHANICS' LIEN:

materialman's lien must be filed within 90 days after last item
furnished. *Cunningham* v. *J. S. Kimbro Lbr. Co.,* 194.
effect of owner purchasing materials for additional improvement.
*Id.*

MUNICIPAL CORPORATIONS:

sufficiency of notice to pay municipal pole tax. *Arkansas Public
Utilities Co.* v. *Heber Springs,* 249.
insufficiency of notice to pay such taxes waived when. *Id.*
validity of municipal pole tax. *Id.*
such tax payable in municipal warrants. *Id.*
sufficiency of tender of warrants after penalty attached. *Id.*
tax on property in improvement district must not exceed benefit.
*Johnston* v. *Conway,* 398.

MUNICIPAL CORPORATIONS: (Continued).

> how assessments in improvement district made. *Id.*
> how creditor may compel collection of assessments. *Id.*

NEGLIGENCE: See RAILROADS; MASTER AND SERVANT.

> care required as to mere licensees. *Mitchell* v. *Ozan-Graysonia Lbr. Co.,* 6.

PARTIES:

> assignor of chose in action a necessary party when. *Chicago, R. I. & P. R. Co.* v. *Cobbs,* 207.
> persons interested in subject-matter necessary parties when. *Id.*
> taxpayers allowed to intervene in suit to compel improvement district to pay judgment. *Johnston* v. *Conway,* 398.

PERJURY:

> indictment *held* sufficient. *Clower* v. *State,* 359.
> falsity of testimony established how. *Id.*
> requested instruction as corroboration of witness approved. *Id.*

PLEADING:

> error to determine issue not raised by pleading or proof. *Morris* v. *Johnson,* 189.
> exhibits to complaint in equity control its averments. *Cunningham* v. *Dellmon,* 409.
> amendment *held* not to change nature of complaint. *Youree* v. *Ralls,* 554.
> amended complaint *held* to state new cause of action. *S. A. Robertson & Co.* v. *Lewis Rich Const. Co.,* 557.

PRINCIPAL AND AGENT:

> authority of traveling salesman. *Markstein Bros. Millinery Co.* v. *J. A. White & Co.,* 1.

PRINCIPAL AND SURETY:

> contract of surety not invalidated by promissory representations when. *Rose City Bottling Works* v. *Godchaux Sugars, Inc.,* 269.

PROCESS:

> member of Legislature not exempt from civil process when. *Doyle-Kidd Dry Goods Co.* v. *Munn,* 629.

PROSECUTING ATTORNEY:

> fee of deputy on plea of guilty. *Brown* v. *Welch,* 142.

PUBLIC SERVICE COMMISSIONS:

>   authority of Corporation Commission to determine ownership of
>   ties and rails. *Thomas-Bowman Cooperage Co.* v. *Missouri &
>   North Arkansas Rd. Co.*, 589.

RAILROADS:

>   error to submit question of negligence in failing to keep lookout
>   when. *Davis* v. *Scott*, 34.
>   failure to signal not proximate cause of killing when. *Id.*
>   running train at high rate of speed on approaching town as negli-
>   gence. *Id.*
>   operating train at high speed as proximate cause of injury. *Id.*
>   presumption of negligence from injuring traveler at crossing. *Id.*
>   proper instruction as to contributory negligence. *Id.*
>   agreed statement held to support finding of negligence in killing
>   colt. *St. Louis-S. F. R. Co.* v. *Pace*, 159.
>   evidence held to sustain finding that fire was negligently caused
>   from locomotive. *Chicago, R. I. & P. Ry. Co.* v. *Cobbs*, 207.
>   liability for fire caused by sparks from locomotive. *Chicago, R.
>   I. & P. Ry. Co.* v. *National Fire Ins. Co.*, 218.
>   evidence held to sutain finding of negligence in operation of train.
>   *Hines* v. *Johnson*, 549.
>   instructions as to negligence in operating railroad approved. *Id.*
>   abandonment of spur track authorized when. *Thomas-Bowman
>   Cooperage Co.* v. *Mo. & No. Ark. Rd. Co.*, 589.

RAILROAD COMMISSION: See PUBLIC SERVICE COMMISSION.

RAPE AND CARNAL ABUSE:

>   sufficiency of proof of carnally knowing female under 16 years.
>   *Seaton* v. *State*, 240.

REFORMATION OF INSTRUMENTS:

>   proof of mistake or fraud must be clear and satisfactory. *Waddel*
>   v. *Bowdre*, 474.
>   when decree avoiding relief set aside. *Id.*

REMOVAL OF CAUSES:

>   properly denied on ground of diversity of citizenship when.
>   *Chicago, R. I. & P. R. Co.* v. *Cobbs*.

REPLEVIN:

>   purchaser of machinery not entitled to bring replevin when
>   *Sherrill Hardwood Lbr. Co.* v. *H. D. Glass Lbr. Co.*, 513.

SALES: See CUSTOMS AND USAGES.

right of buyer to return goods. *Markstein Bros. Millinery Co. v. J. A. White & Co.*, 1.

effect of sale of property to be paid in work. *Taylor v. Martin*, 200.

right of purchaser to rescind for failure of title. *McDonnell Motor Hauling Co. v. Morgan Const. Co.*, 262.

contract of sale executed when. *Id.*

instruction as to buyer's right to sell defective portion of shipment approved. *Sims v. Miller*, 377.

express warranty inferred from seller's affirmation of fact when. *Warren v. Granger*, 453.

delivery, manual or symbolical, necessary in sale of machinery. *Sherrill Hardwood Lbr. Co. v. H. D. Glass Lbr. Co.*, 513.

evidence held incompetent to prove breach of warranty in sale of seeds. *J. S. Elder Grocery Co. v. Applegate*, 365.

implied warranty in sale of seeds. *Id.*

such implied warranty a jury question when. *Id.*

not error to submit express and implied warranties to jury when. *Id.*

express warranty of germinating power of seeds not proved when. *Id.*

when misrepresentations of vendor fraudulent. *Woods v. Jones*, 614.

SCHOOLS AND SCHOOL DISTRICTS:

authority of directors to remove school building. *Thompson v. State*, 369.

right of church to use schoolhouse defined. *Id.*

SEDUCTION:

instruction as to prior unchastity approved. *Murray v. State*, 331.

SET-OFF AND COUNTERCLAIM:

right of defendant to counterclaim judgment for costs. *Sims v. Miller*, 377.

SPECIFIC PERFORMANCE:

contract to furnish "good and indefeasible title" met by furnishing title by adverse possession. *Hinton v. Martin*, 343.

STATE:

appropriation for improving acoustics of Senate and House chambers upheld as an expense of government. *Hoffer v. Fagan*, 428.

STATE: (Continued).

statutes construed so as to harmonize. *Id.*

contract for improvement of acoustics of legislative chambers must be let to lowest responsible bidder. *Id.*

such contract to receive separate approvals of Governor, Auditor and Treasurer. *Id.*

contract must provide for improvement of both halls. *Id.*

STATUTES:

not construed in derogation of common law when. *State* v. *One Ford Automobile*, 29.

common law impliedly repealed when. *Id.*

time when local statute takes effect. *Thompson* v. *State*, 369.

no room for construction of unambiguous instruction. *Hopper* v. *Fagan*, 428.

words of known legal meaning assumed to use in that sense. *Bullion* v. *Aetna Ins. Co.*, 519.

usual meaning considered. *Id.*

subject-matter considered. *Id.*

STATUTES CITED:

COMPILED STATUTES U. S.

§§ 1010, 1033 ..................... 211

KIRBY'S DIGEST:

§ 6390 ..................................... 145

CRAWFORD & MOSES' DIGEST:

§ 429 ....................................... 630
430 .......................................... 631
436 .......................................... 630
475 .......................................... 213
879 ...................................78, 80
924 .......................................... 218
1001-8 ..................................... 588
1049 ........................................ 385
1176 ...............................630, 634
1239 ........................................ 452
1993 ........................................ 254
2029 ........................................ 501
2342 ........................................ 246
2449 ...............................203, 205
2453 ........................................ 207
2511 ........................................ 108
2542 ........................................ 371
2992-3 ..................................... 29

CRAWFORD & MOSES' DIGEST—
—*Cont.*

3013 ........................................ 206
3028 ........................................ 206
3132 ........................................ 369
3156 ........................................ 605
3157-3160 .............................. 606
3181 ........................................ 75
3511 ..................114, 116, 119
3547 ........................................ 418
4171 ........................................ 631
4186 ........................................ 337
4868 ........................................ 310
5308 ........................................ 502
5567 ........................................ 167
5577 ........................................ 165
5657-8 ..................................... 404
5960 ...............................522, 529
5962 ........................................ 521
5965 ........................................ 529
5969 ........................................ 545
5979 ........................................ 544
6155 ........................................ 134
6157-8 ..................................... 599
6170 ........................................ 32

STATUTES CITED: (Continued).

CRAWFORD & MOSES' DIGEST—
—Cont.

| | |
|---|---|
| 6196 | 33 |
| 6290-1 | 465, 613 |
| 6611-20 | 78, 80 |
| 6889 | 407 |
| 689? | 145 |
| 6894-5 | 407 |
| 6942, 6946 | 422 |
| 6950 | 382 |
| 6955 | 391 |
| 6969 | 384 |
| 7145 | 287 |
| 8309 | 144 |
| 8569 | 210, 219 |
| 8575 | 42, 43 |
| 8942-3 | 374 |
| 9823-30 | 585 |

CONSTITUTION OF 1874:

| | | |
|---|---|---|
| art. 5, § 31 | | 432 |
| 16, | 10 | 254 |
| 19, | 15 | 433 |

SESSION LAWS:

| | |
|---|---|
| 1887, April 4 | 80 |
| 1915, No. 159 | 105 |
| 1917, No. 13 | 32 |
| p. 1478 | 499 |
| 1919, Road Acts, p. 134 | 50 |
| 1919, Road Acts, p. 65 | 486 |
| 1919, No. 66 | 105 |
| 1921, Feb. 17 | 47 |
| p. 239 | 433 |
| p. 270 (Sp. Acts) | 166 |
| p. 373, § 3 | 425 |
| p. 372 | 560 |

SUBROGATION:

purchaser of land on renewing incumbrance entitled to subrogation thereto when. *Lance* v. *Mason*, 114.

TAXATION:

tax on private car companies collectible when. *State* v. *American Refrigerator Transit Co.*, 581.

private car company not doing business in State when. *Id.*

TENANCY IN COMMON:

effect of purchase by co-tenant at tax sale. *Tompkins* v. *Tompkins*, 572.

TRIAL:

when sale completed question for jury when. *Barnett* v. *St. Louis S. W. Ry. Co.*, 215.

necessity of specific objection to abstract instruction. *L. J. Smith Construction Co.* v. *Tate*, 278.

objection in gross to several instructions bad when. *Id.*

objection to part of instruction held general objection when. *Warren* v. *Granger*, 453.

insufficiency of general objection to instruction. *Id.*

effect of both parties requesting directed verdict. *Watkins* v. *La. State Life Ins. Co.*, 596.

error to direct verdict on conflicting evidence. *Wood* v. *Jones*, 614.

TRUSTS:

>   when trusts *ex maleficio* enforced.  *Pharr* v. *Fink*, 305.
>   not established by showing breach of oral agreement.  *Id.*
>   rights and liabilities of purchaser of trust property.  *Id.*

VENDOR AND PURCHASER:  See SPECIFIC PERFORMANCE.

>   under contract providing for merchantable title.  Marketable
>       title is meant.  *Hinton* v. *Martin*, 343.
>   sufficiency of title by adverse possession.  *Id.*

VENUE:  See DRUNKENNESS; CRIMINAL LAW.

WILLS:

>   will construed to devise merely life estate in widow.  *Norris* v.
>       *Johnson*, 189.
>   rule of construction to give effect to testator's intention.  *Id.*
>   jurisdiction of chancery to construe will creating trust.  *Id.*
>   will construed to convey life estate to devisee.  *Taylor* v. *Manley*,
>       635.

WITNESSES:

>   grand jurors incompetent to prove testimony given before them
>       when.  *Scott* v. *Pennington*, 26.
>   wife's incompetency to testify for husband not altered.  *Christian
>       & Taylor* v. *Fancher*, 102.
>   wife of defendant partner incompetent as witness except when
>       acting as agent.  *Id.*
>   corroboration of impeached witness properly allowed when.
>       *Hopper* v. *State*, 299.
>   not error to permit State to ask leading question of her witness
>       when.  *Murray* v. *State*, 331.
>   inadmissible to prove contradictory statements of witness when.
>       *Id.*
>   Cross-examination as to collateral matter conclusive.  *Laster* v
>       *State*, 608.

WORDS AND PHRASES:

>   actual bias.  *Snyder* v. *State*, 601.
>   commencement of action.  *Sims* v. *Miller*, 151 Ark. 377.
>   constructive delivery.  *New York L. Ins. Co.* v. *Mason*, 135.
>   doing business within the State.  *Rose City Bottling Works* v
>       *Godchaux Sugars, Inc.*, 269; *State* v. *American Ref. Transit
>       Co.*, 581.
>   express waiver.  *Sov. Camp. W. O. W.* v. *Richardson*, 237.
>   estoppel.  *Sov. Camp W. O. W.* v. *Richardson*, 237.

WORDS AND PHRASES: (Continued).

    implied bias. *Snyder* v. *State*, 601.
    implied trust. *Pharr* v. *Fink*, 305.
    in cash. *Arkansas Pub. Utilities Co.* v. *Heber Springs*, 249.
    law of the case. *Dickson* v. *Board of Directors of Long Prairie Levee Dist.*, 22.
    legal heirs. *Taylor* v. *Manley*, 635.
    malice. *Jett* v. *State*, 439.
    marketable. *Hinton* v. *Martin*, 343.
    merchantable. *Hinton* v. *Martin*, 343.
    merchantable title. *Hinton* v. *Martin*, 343.
    proper county. *Sims* v. *Miller*, 377.
    prosecute. *Brown* v. *Welch*, 142.
    refusal. *Felder* v. *Hall Bros. Co.*, 182.
    renew. *Id.*
    repairing. *Hopper* v. *Fagan*, 438.
    set up. *McGarity* v. *State*, 423.
    tenancy by the entirety. *Parrish* v. *Parish*, 161.
    underwriting profits. *Bullion* v. *Aetna Ins. Co.*, 519.
    wilfully. *Tallman* v. *State*, 113.