ROLFE *v.* HUGHES.

4-6874                                              166 S. W. 2d 6

Opinion delivered November 30, 1942.

*Mann & McCulloch* and *Marvin B. Norfleet,* for appellant.

*Fred A. Isgrig,* for appellee.

HUMPHREYS, J. Appellees herein were plaintiffs below in an ejectment suit brought by them in the circuit court of St. Francis county against Will Carbage alleging that they were the owners and entitled to the possession, under the will of E. C. Hughes, deceased, of the following described land in St. Francis county, Arkansas, to-wit:

"Southeast quarter of section 32 and the south half of the southwest quarter of section 33, township 4 north, range 4 east, containing 240 acres, more or less." A copy of the will was attached to the complaint.

They alleged in their complaint that Will Carbage was in the unlawful possession of the land and had been since March 23, 1941, and in addition to the prayer for the recovery of the land they prayed for damages for the rental value thereof from March 23, 1941, until final disposition of the cause.

Will Carbage, the defendant in the ejectment suit was the tenant of the appellants and filed no answer.

Appellants intervened in the case and caused themselves to be made parties defendant. In their intervention they denied that appellees were the owners of said land under the will of E. C. Hughes, deceased, but on the contrary alleged that they were the owners of the land under the will of E. C. Hughes, deceased, through *mesne* conveyances from Lorena Utley (Hughes-Taylor) who took the title to said property in fee simple absolute under the will of E. C. Hughes, deceased, and in 1904 conveyed same to J. B. Terry in their chain of title.

Appellees filed an answer to the intervention of appellants and denied each and every material allegation contained therein.

Appellants and appellees waived the right of trial by jury and agreed that the cause might be tried before the circuit court sitting as judge and jury.

In accordance with the agreement, the court heard the case upon the complaint and exhibits thereto, the intervention and exhibits thereto, the testimony adduced by the respective parties and the exhibits thereto, from which he found that E. C. Hughes departed this life on September 13, 1897, and at the time of his death was the owner of the fee simple title and entitled to the possession of the land described in the complaint and under his last will and testament it was devised by E. C. Hughes to Lorena Utley (Hughes-Taylor) for the term of her natural life only, with remainder therein at her death to

her brothers and sisters in equal shares; that because of said devise in said last will and testament, the said Lorena Utley (Hughes-Taylor) having departed this life, appellees are the owners of said land in fee simple and are entitled to possession thereof.

Based upon these findings the court ordered and adjudged that appellees are entitled to the possession as owners in fee simple of the land described in the complaint and that the costs of the action be adjudged against the interveners (appellants herein) and further ordered that the interveners (appellants herein) pay the appellees the sum of $356.25 rent for the year 1941 and the sum of $34.81 for the 1940 taxes.

A motion for a new trial was filed and overruled and thereafter an appeal was duly prosecuted to this court.

Both appellants and appellees state that the sole issue presented by the record in the case for determination by this court is whether Lorena Utley (Hughes-Taylor) acquired fee simple title or merely a life estate under said last will and testament of E. C. Hughes, deceased. The will appears in the record and that portion thereof before us for construction is as follows: "The balance of my personal property and all my real estate, consisting of the Linden Farm, Jones place, the Casteel place, all in St. Francis county, Arkansas, I give to Lorena Utley during her life, and at her death to be equally divided between her brothers and sisters, I mean her legal heirs."

The exact clause of the will involved in this case was construed by this court in *Taylor* v. *Manley*, 151 Ark. 635, 237 S. W. 464, to the effect that the testator intended for Lorena Utley (Hughes-Taylor) to have a life estate in the real estate, and in the event of her death that the estate should go to her brothers and sisters, who, both at the time of the execution of the will and at the time of the testator's death when the will took effect, were the next of kin or legal heirs of Lorena Utley (Hughes-Taylor). This court said that the clause in the will, to-wit: "I give to Lorena Utley during her life and at her death to be equally divided between her brothers and sisters, I

mean her legal heirs, has the same meaning as if it had been written as follows: 'I give (the estate named) to Lorena Utley during her life, at her death to her brothers and sisters, who are her legal heirs to be equally divided between them.' In other words, the term 'legal heirs' was intended to describe her brothers and sisters at the time of the execution of the will. It was the evident purpose of the testator, we believe, to provide for those who were in being at the time of the will and not for those who were then unborn."

After a very thorough consideration and analysis of the identical clause in the will of E. C. Hughes, deceased, which is involved in the instant case, we are convinced that the construction given by this court in the case of *Taylor* v. *Manley, supra,* should be adhered to under the doctrine of *stare decisis*.

The judgment, therefore, is affirmed.