GREGORY *v.* WELCH.

Opinion delivered April 12, 1909.

1. WILLS—CONSTRUCTION ACCORDING TO INTENTION.—It is the duty of courts to construe a will so as to give effect to the intention of the testator as expressed by the language used. (Page 154.)

2. SAME—PARTIAL INTESTACY—PRESUMPTION.—There is a presumption against partial intestacy. (Page 155.)

3. SAME—VESTING OF FEE.—As the law favors an early vesting of the fee, the courts will place that construction upon a will which will result in vesting the estate created by the will at the earliest moment. (Page 155.)

4. SAME—CONSTRUCTION.—Under a will which gave the testator's widow an estate for her natural life in the testator's lands, and provided that after her death the lands should be given to her daughters, who were named, a vested estate in remainder was conveyed to the daughters, to take effect upon the widow's death. (Page 155.)

Appeal from Pope Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*W. P. Strait,* for appellants.

If the words used in a will are susceptible of different constructions or meanings, they will be given that interpretation most favorable to the heirs by blood. 13 Pet. (U. S.) 166; 62 Conn. 393; 24 Ga. 372; 110 La. 259; 10 Barb. (N. Y.) 69; 136 N. Y. 227; 19 Ohio 328; 62 O. St. 411; 23 Pa. St. 296; 103 Wis. 497; 30 Am. & Eng. Enc. of L. (2 Ed.), 668. In all other clauses of this will except the seventh apt words of devise are used so as to vest title, but in the seventh clause the language is merely directory, expressing a wish only that after the death of the widow the land shall be given to her daughters. A construction of the whole will leaves no room to interpret the words of the seventh clause so as to confer title upon strangers to the blood. If the words used are sufficient as words of devise, the estate was contingent on the daughters surviving until the termination of the life tenant's estate. 67 Ill. 419; 99 Ill. 11; 2 Met. (Ky.) 130; 12 B. Mon. (Ky.) 116; 21 Pick. (Mass.) 311; 135 Mass. 138; 148 Mass. 138; 71 N. E. 541; 70 N. H. 437; 53 N. J. Eq. 608; 45 N. J. Eq. 426; 19 O. St. 30; 26 S. C. 450; 34 S. C. 68; 46 S. C. 262; 164 N. Y. 71; 147 N. Y. 348; 208 Pa. 500. A contingent remainder does not rise to the dignity of an estate unless made so by statute. If death occurs to the remainderman before the happening of the contingency, no estate ever vests. 89 Va. 675; Williams, Real Prop. 23, 233; 21 Fla. 529.

*Sellers & Sellers, R. B. Wilson, J. T. Bullock* and *Brooks & Hays,* for appellees.

The will disposed of the testator's whole estate. The seventh clause conveyed the lands to the daughters, with the present enjoyment postponed till the end of the widow's life estate—a vested remainder. Gardner on Wills, 499; 21 S. E. 811; 1 Sharswood's Blackstone, 164, note; *Id.* 168; Gardner on Wills, 491; 34 Ark. 179; 15 Ark. 682. The interest of the daughters vested immediately on the death of the testator, and, though they died before the termination of their mother's life estate, the gift did not fail. 25 Am. St. Rep. 743; 15 Ark. 682; 67 N. Y. 89; 71 N. Y. 1108. A vested remainder is distinguished from a contingent remainder by the present capacity of taking effect in possession, if the possession were to become vacant.

83 Ky. 481. As to what constitutes a contingent remainder, see Gardner on Wills, 508; 1 Sharswood's Bl. 168. Postponement of the daughters' enjoyment of the estate until the termination of the mother's life estate did not render their interest contingent upon their surviving the mother. Gardner on 493; 113 S. E. 754.

McCULLOCH, C. J. The question presented in this appeal is whether or not the seventh item of the last will of Hawkins Gregory devised an estate in remainder to the two persons therein named, which vested in them immediately on the death of the said testator. The seven items of the will are as follows:

"1st. I give and bequeath to each one of my brothers and sisters, namely, Henderson, Robert, Hardin, Jones and Jedethum H. Gregory, Matilda Wooten and Elizabeth Davis, the sum of five hundred ($500) dollars in gold.

"2d. I give and bequeath to my beloved wife, Fannie A. Gregory, during her natural life, all my land. I also give to her all my personal estate, except the sums specified in the first article. In the item of personal estate I include all of my notes and accounts.

"3d. I give to my wife's two daughters, Margarette, and Georgia Griffin, my two three-year-old fillies, which they claim respectively.

"4th. I will and order that all my debts and funeral expenses be paid out of any currency that may be on hand.

"5th. I will that immediately after my death the sums bequeathed to my brothers and sisters be paid them respectively on their receipting for same.

6th. I hereby appoint Fannie A. Gregory and William Griffin to carry out the provisions of this will.

"7th. I will that after my wife's death all my land shall be given to her daughters, Margarette and Georgia Griffin."

It is contended that words sufficiently apt to express an intention of the testator to devise a vested estate in remainder were not used, and that the clause in question must be construed as "merely directory and expressive of a desire only that after the termination of the life estate given the widow the land shall be given to Margarette and Georgia Griffin." It is the duty of courts to so construe a will as to give effect to the intention of

the testator as expressed by the language used. *Campbell* v. *Campbell,* 13 Ark. 513; *Cockrill* v. *Armstrong,* 31 Ark. 580; Page on Wills, § 460. "The intent of the testator," said Chief Justice Marshall in *Finlay* v. *King's Lessee,* 3 Pet. 346, "is the cardinal rule in the construction of wills; and if that intent can be clearly perceived, and is not contrary to some positive rule of law, it must prevail." There is a presumption against partial intestacy. Page on Wills, § 466; Gardner on Wills, p. 369; *Kenaday* v. *Sinnott,* 179 U. S. 606.

The law favors an early vesting of the estate, and courts will place that construction upon the language of the will which will result in vesting the estate created by the will at the earliest moment, and will not adopt a construction which results in the postponement of the vesting of title. "Where the time when the interest shall vest is in doubt because the testator has used words which may mean either of two dates, the earlier date is to be selected. This rule, that the executory estate shall be construed to be vested, rather than contingent, whenever the former construction is possible, is the result of that other very old rule of the common law, that the fee shall never be in abeyance if it can possibly be avoided." 2 Underhill on Wills, § 861.

Tested by the rules of construction thus announced, we are clearly of the opinion that the language used by the testator was sufficient to vest an estate in remainder, after the expiration of the widow's life estate, in the two persons named in the 7th clause of the will. Unless this construction be placed on the language, the testator must be deemed to have died intestate as to the remainder interest in his lands, for the will contains no other provision with reference to the lands after the expiration of the widow's life estate, which is expressly devised to her in the second clause.

Judgment affirmed.

BATTLE, J., absent.