## DYER TRADING COMPANY *v.* JAMES.

### Opinion delivered October 13, 1919.

STIPULATIONS—MONEY IMPROPERLY TAKEN BY PARTY TO AN AGREEMENT.—The ownership of a certain fund was in dispute. By agreement of the parties it was put in a bank for safe keeping pending the outcome of the case. Appellant, one of the claimants to the fund, violated the agreement, and procured the funds upon order of a justice. *Held,* appellee, another claimant, and one of the parties to the suit, had an action against appellant for a restitution of the fund.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Starbird & Starbird,* for appellant.

The complaint stated no cause of action nor did the agreed state of facts prove one. The money did not belong to James and Moss or either of them. The title to the property was in P. Moss and the possession was that of the law. Obtaining it by order of court or otherwise was no violation of appellee's rights or possession and no cause of action could arise. 38 Ark. 528; 4 Cyc.

653. Appellee's only remedy was to obtain an order of restitution and enforce it by contempt proceedings or obtain a judgment of restitution. 101 Ark. 416; 57 *Id.* 500; 117 *Id.* 492; 119 *Id.* 413.

*E. D. Chastain* and *J. E. London,* for appellees.

1. The cases cited by appellant do not apply. Money wrongfully paid may be recovered by the owner. 101 Ark. 350. Where one has in his possession money belonging to another, the law implies an agreement to pay it over on demand. 110 Ark. 578. Contempt proceedings would have been futile, as the answer would be that the specific fund had long been spent and no part of it still in possession of appellant. 129 Ark. 416, syl. 5.

2. The verdict will not be disturbed when supported by substantial evidence. 129 *Id.* 369. The finding is conclusive on appeal. 101 *Id.* 154. The proof shows that the moneys belonged to appellees, and that their attachments took precedence over that of appellant, and the court so found, which is conclusive. *Supra.*

McCULLOCH, C. J. Appellees, T. J. James and Mrs. J. W. Moss, instituted separate actions before a justice of the peace in Crawford County against appellant, Dyer Trading Company, a domestic corporation, to recover certain sums of money, and on recovery in that court separate appeals to the circuit court were prosecuted by appellant. In the circuit court the causes were consolidated and tried before the court, and judgment was rendered in favor of appellees.

The record discloses the following state of facts, as found by the trial court: James instituted an action before a justice of the peace in Crawford County against one Moss for the recovery of the amount of a debt due by contract, and sued out an order of attachment which was levied by the constable of the township on two bales of cotton, on which Mrs. Moss, one of the appellees in the present action, claimed a lien as landlord. Two days later appellant also sued Morse before a justice of the peace to recover for debt, and sued out an order of at-

tachment, which was placed in the hands of the same officer and levied on the two bales of cotton already in his custody under the attachment issued at the instance of James. Mrs. Morse intervened, claiming her lien, in appellant's action against Morse, but the justice of the peace decided the case against her and she appealed to the circuit court. Mrs. Moss also intervened in James' action against Morse, and the justice of the peace decided the case against James, and he prosecuted an appeal to the circuit court, where both actions were consolidated, and on the trial of the consolidated cases the circuit court decided in favor of James and Mrs. Moss, and rendered judgment declaring that Mrs. Moss had a superior lien on the attached property for the amount of her claim of $40; that James had a second lien on the same property for the sum of $84.94; and that appellant had a third lien on the property for its claim of $160, and ordered the constable to pay said claims out of the proceeds of the attached property in the order of priority. While those cases were pending before the justice of the peace, the parties entered into an agreement that the attached property should be sold and the money deposited by the constable in a local bank to remain there until the cases were finally disposed of.

It is alleged in the present action that appellant violated that agreement by obtaining from the justice of the peace after rendition of the judgment there, and before appeals were perfected in the circuit court, an order on the constable for the proceeds of the sale of the attached property and obtaining the money from the bank. The constable refused to pay over the money to appellees in compliance with the order of the circuit court in the original actions, and the court refused to render judgment against him for failure to do so. The grounds of the court's ruling in refusing to do that are not stated in the record in the present case, but the action of the court was presumably based on the theory that the constable was not liable because the funds had been paid over to appellant on the order of the justice of the peace and was

no longer in the officer's custody and control, having been placed in the bank pursuant to agreement of the parties.

The contention of counsel for appellant on the present appeal is that no cause of action is now stated against appellant for the reason that appellees were not the owners of the specific funds, but merely had a lien on the proceeds of the attached cotton as adjudged by the circuit court, and that the exclusive remedy of appellees for the recovery of the money was by obtaining an order of the court for the restitution of the funds received as aforesaid by appellant. Appellant was a party to the original actions, and, conceding that the court might have made an order of restitution enforceable, if necessary, by contempt proceedings, that was not the exclusive remedy available to appellees. *Dodson* v. *Butler,* 101 Ark. 416. The funds were originally in the custody of the court, but, according to the testimony, the same were by agreement of the parties taken out of the custody of the court and placed in a bank for safe keeping, and appellant violated that agreement by taking the money out of the bank. On the failure of appellees to procure the money from the constable there arose against appellant a right of action for the restitution of the funds so taken.

Judgment affirmed.