BELL *v.* GENTRY.

Opinion delivered January 12, 1920.

1. WILLS—CONSTRUCTION.—A will is to be construed as a whole for the purpose of ascertaining the disposition which the testator intended to make of his estate.

2. WILLS—CONSTRUCTION—FEE TAIL.—Under a devise to testator's widow "as long as she shall remain unmarried and my widow, with remainder thereof on her decease or marriage to my said children and their bodily heirs,". the children at death of the widow who died without having remarried, took the fee as remaindermen, and not merely a life estate with remainder in fee to their children.

3. WILLS—VESTING OF ESTATES.—The law favors the vesting of estates as early as possible.

Appeal from Hempstead Chancery Court; *James D. Shaver,* Chancellor; reversed.

*Langley & Johnson,* for appellants.

1. Under the will of the father, Dennis McLendon and M. F. Smith took a fee simple title to their respective tracts. 58 Ark. 303; 3 *Id.* 147; 29 *Id.* 418; 13 *Id.* 88; 98 *Id.* 553; 116 *Id.* 565; 104 *Id.* 439; 105 *Id.* 458; 115 *Id.* 9; *Ib.* 184; 111 *Id.* 163; 22 *Id.* 567; 115 *Id.* 400. Under the will the widow took a life estate in all the lands, remainder to certain children. On the death of the widow the fee vested in Dennis McLendon and M. F. Smith to their respective lands. Cases *supra;* 23 Ark. 1. The language of the will does not create a fee tail but a fee simple

estate.   22 Hun. (N. Y.) 428; 1 N. Y. 491; Kirby's Digest, § 735; 52 Ill. 98; 3 Conn. 429; 4 W. Va. 320.   This case falls squarely within 58 Ark. 303.   See also 29 L. R. A. (N. S.) 935 and note.

Wills should be construed liberally and the intent of the testator carried out.   202 Mass. 512; 186 *Id.* 464; 122 N. W. 964; 195 N. Y. 486; 240 Ill. 492; Page on Wills, § 561; 1 Jones Real Prop., § 606; 2 Underhill on Wills, § 658.

2.   If Dennis McClendon and M. F. Smith only took life estates, then the return of the purchase money with interest is the true rule.   181 S. W. 288; 66 Ark. 433; 43 *Id.* 450; 59 *Id.* 322; 54 *Id.* 195.

*U. A. Gentry* and *Jas. H. McCollum,* for appellee.

There is no question as to the estate granted under the will.   3 Ark. 147; 49 *Id.* 125; 75 *Id.* 19; 111 *Id.* 54.   On the death of the widow, Dennis McLendon and M. F. Smith took a fee simple estate.   126 Ark. 53.   See also 44 Ark. 458; 67 *Id.* 517; 94 *Id.* 615; 98 *Id.* 570; 115 *Id.* 400; 116 *Id.* 233; 128 *Id.* 149; 95 Ark. 21; 128 *Id.* 149; 98· Ark. 570; 111 *Id.* 54.

Appellee is entitled to recover for improvements. 2 Black on Rescission and Cancellation of Cont., p. 1465, § 635; 13 Ark. 291; 29 *Id.* 47; 50 *Id.* 447; 53 *Id.* 573; 61 *Id.* 363; 71 *Id.* 99.

*W. C. Rodgers, amicus curiae.*

The legal effect of the will was to vest in the children an estate in fee simple and comes clearly within the rule in Shelley's case.   Tiedeman, Real Prop., § 433; 58 Ark. 307; 211 S. W. 183-4; Bingham on Descent, 233. Perpetuities are abhorred under our law and are void. 3 Ark. 147, 191.   See also 213 S. W. 372; 116 Ark. 61-65.

SMITH, J.   This appeal involves the construction of the will of James McClendon, who at his death was survived by his widow, who was also his executrix, and by seven children.  After disposing of his personal property, the testator disposed of his lands as follows: "I devise.

to my said executrix all the residue of my real estate as long as she shall remain unmarried and my widow with remainder thereof on her decease or marriage to my said children and their bodily heirs in the following manner:

"To my son Dennis (certain lands).

"To my daughter, M. F. Smith (certain lands)."

Other devises of land to the other five children in similar language were made.

The court below held that these children took only a life estate with remainder in fee to their children, and decreed accordingly, and this appeal questions the correctness of that holding.

It is a settled rule of construction that in arriving at the intent of a testator we read the will as a whole for the purpose of ascertaining the disposition which he intended to make of his estate, and when we have done so here we conclude that it was the intention of the testator to give his wife an estate for her life or for her widowhood with remainder cast upon the death or remarriage of the widow and that the remainder should vest upon the happening of the first of those events. This is the usual and ordinary meaning of the words "with remainder thereof *on* her decease or marriage to my said children and their bodily heirs." The will created a remainder and provided when it should vest, and that was on the decease or remarriage of the widow. In defining the heirs who should then take the testator employed words of procreation so that only those heirs special, rather than the heirs general, took under the will; but the rights of these heirs became fixed when the remainder was cast, which event proved to be the death of the widow, as she died without having remarried. *Harrington* v. *Cooper*, 126 Ark. 53.

At the death of the widow, when the remainder was cast, the son, Dennis, and the daughter, M. F. Smith, survived her and they, therefore, took the fee as remaindermen. Had they, or either of them, died in the lifetime of their mother, their bodily heirs would have taken the

fee; and these bodily heirs would have taken as devisees under the will (and not by descent from Dennis -or M. F.), they being the heirs special, or bodily heirs, *in esse* when the event happened upon which the remainder was to vest, that is the death of the testator's widow.

We are led to the conclusion announced, not only by a consideration of the language set out above, but by the settled rule of construction that the law favors the vesting of estates as early as possible, and we think the construction given this will effectuates the intent of the testator.

The litigation arose over an attempt to compel a prospective purchaser to take the title in question, which he had declined to do because he was advised that only a life estate would be conveyed, and the court below so decreed. That decree will be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.