FIDELITY MORTGAGE COMPANY v. EVANS.

Opinion delivered April 6, 1925.

1. VENUE—ACTION AFFECTING TITLE TO LAND.—An action to remove a cloud upon the title to land is a local action within Crawford & Moses' Dig., § 1164, and should be brought in the county in which the land is situated.

2. JUDGMENT—RECITALS OF JURISDICTION.—Recitals in a judgment that the court had jurisdiction of the parties defendant is *prima facie* evidence of that fact, under Crawford & Moses' Dig., § 6239.

3. CORPORATION—SERVICE ON AGENT OF FOREIGN CORPORATION.—Under Crawford & Moses' Dig., § 1829, service of summons upon the designated agent of a foreign corporation is sufficient to give the court jurisdiction, whether made in the county of the venue or not.

4. PROCESS—DEFENDANT REMOVING FROM COUNTY.—Where a defendant removed from the county of the venue after filing of the complaint, service of summons in another county would be sufficient, under Crawford & Moses' Dig., § 1180.

5. JUDGMENT—TIME FOR TAKING DEFAULT.—A default judgment may be taken where more than 20 days have elapsed since service of summons on the defendants.

Appeal from Logan Chancery Court, Southern District; *J. V. Bourland*, Chancellor; affirmed.

*E. L. Carter*, for appellant.

*Evans & Evans*, for appellee.

WOOD, J. On the first of February, 1923, one Lewis Finley sold a certain tract of land in Logan County to one John I. Nichols. The consideration was $700, $400 of which was paid in cash and a note executed for the balance of the purchase money, dated February 17, 1923, in the sum of $300, due sixty days after date, bearing

interest at the rate of ten per cent. per annum from date until paid. A warranty deed was executed by Finley to Nichols for the land, and a lien was reserved in the face of the deed to secure the balance of the purchase money, Nichols applied to the Conservative Loan Company, a corporation doing business in Arkansas, for a loan of $300, and executed to the loan company a first mortgage on the land mentioned to secure the loan, and also a second mortgage on the land to secure other notes executed to the loan company in the sum of $95. The notes and mortgages were delivered to the loan company, or to appellant C. H. Christner, its president, upon the promise of Christner and the company to make him the loan. Nichols, during the year 1923, sold the land purchased of Finley to one Delling. Chas. I. Evans became the owner of the $300 note executed by Nichols to Finley. The Fidelity Mortgage Company, another corporation doing business in Arkansas, was organized for the purpose of taking over, and did take over, the assets of the Conservative Loan Company, including the notes and mortgages mentioned. Christner was the president and general manager of these companies. The Conservative Loan Company and Christner failed or refused to advance the money for which Nichols had executed his notes and mortgages, and also failed and refused to return the notes and mortgages executed by Nichols as above mentioned. On the third of December, 1923, this action was instituted by Nichols, Delling and Evans in the chancery court of Logan County against the Conservative Loan Company, the Fidelity Mortgage Company and Christner to recover judgment in the sum of $395, with interest from February 1, 1923, and for damages, and all equitable relief.

Summons was issued on the fourth of December, 1923, directed to the sheriff of Pulaski County, commanding him to serve the companies and Christner. The returns of the sheriff show that on 19th of December, 1923, he served the summons by delivering a copy to each of them as follows: Conservative Loan Company,

to C. H. Christner, president of said company; also
Fidelity Mortgage Company, to C. H. Christner, president of the company; and to C. H. Christner in person,
in the county of Pulaski, as commanded. A second summons was issued on the 18th of January, 1924, directed to
the sheriff of Pulaski County, and the return on the
same are as follows: "Came to hand this 19th day of
January, 1924, at 3 o'clock P. M., and I have duly served
this summons upon each of said defendants by delivering
a copy hereof to each of them, as follows, to-wit: Conservative Loan Company, by delivering a true copy to
C. H. Christner, president. I have further served C. H.
Christner as president of Fidelity Mortgage Company.
I have further served C. H. Christner in person, in said
county. In the county of —— as commanded. Homer
Adkins, sheriff, by J. M. Haynie, D. S."

The cause came on for trial on February 5, 1924.
The court found and recited in its decree that the defendants failed to appear; that they had been duly served
with summons "for the time and in the manner required
by law to entitle plaintiffs to trial at this term of court;"
"that it had jurisdiction of each of the defendants, and
that they have each been duly served with summons to
appear and defend in this action, but they have each
failed, neglected and refused to appear, answer or otherwise plead, and that they make default." Then, after
finding the facts substantially as above set forth, and
that the defendants had breached their contract, the
court rendered a decree against them in the sum of
$395, together with interest thereon at the rate of six
per cent. per annum from the 17th of February, 1923,
from which is this appeal.

The appellants present three grounds for the reversal of the decree. First, that the chancery court of Logan
County did not have jurisdiction of the subject-matter;
second, that the court did not have jurisdiction of the
persons of the appellants; third, that the decree was
prematurely rendered. We will dispose of these in the
order mentioned.

1.   The complaint set up a cause of action for damages growing out of an alleged breach of contract to loan money to Nichols, and alleged in substance that the appellants had agreed to loan Nichols $395, balance of the purchase money, for which sum Nichols had agreed to and had executed his notes and mortgages on certain land in Logan County, and had delivered the notes and mortgages to the appellants; that the appellants, after having received the notes and mortgages, failed and refused to make the loan, and also failed and refused to return the notes and mortgages; that Nichols had sold the land purchased by him of Finley to Delling, and that Evans had become the owner of the note for the balance of the purchase money due by Nichols for the land. The prayer of the complaint was in the alternative, that judgment be rendered against the appellants for the amount of the loans, or that they be required to deliver the notes and mortgages. There was also a prayer for all equitable relief.

Clearly, one purpose of the action, as shown by the allegations of the complaint and the findings of the decree of the court, was to have surrendered and canceled the outstanding mortgages. These mortgages were clouds on the title. Appellee Delling, who had purchased the land from Nichols, and appellee Evans, who held the purchase money note which was secured by a vendor's lien, were entitled to have the outstanding notes and mortgages executed by Nichols and wife surrendered and canceled. The action, in this respect, affected the land in Logan County and gave the chancery court of that county jurisdiction of the subject-matter. As incident to the general and equitable relief prayed for, it might have been necessary, in the final analysis, under the pleadings and proof, not only to have canceled the notes and mortgages in the hands of the appellants, corporations, but also to have the lands sold to satisfy the lien for the purchase money. At any rate, it is manifest that, under the pleadings and prayer for general relief, the action and decree of the court affected the land in Logan

County. These allegations were sufficient to give the chancery court of that county jurisdiction of the subject-matter. Section 1164, C. & M. Digest; *Harris* v. *Smith,* 133 Ark. 250, and cases there cited.

2. The decree of the court recites as follows: "The court finds that the defendants, Conservative Loan Company and Fidelity Mortgage Company, are corporations doing business in this State; that each of them have been duly served with summons in this case for the time and in the manner required by law to entitle plaintiffs to trial at this term of court; that defendant Christner has been duly and legally personally served with summons in this cause for the time and in the manner required by law to entitle plaintiffs to trial at this term of court. The court finds that it has jurisdiction of each of the defendants, and that they have each been duly served with summons to appear and defend in this action," etc.

The above recitals in the judgment roll of the chancery court were certainly *prima facie* evidence that the court had jurisdiction of the parties defendant to the action. Section 6239 of C. & M. Digest; *White* v. *Smith,* 63 Ark. 513. The above recitals are not overcome by the summons issued to the sheriff of Pulaski County and the return thereon showing service upon each of the defendants in that county. The evidence as to this summons and the return thereon may not have embraced the entire proof before the court on the issue as to the service of process on the defendants. There are no recitals in the judgment itself showing that the above summons and return thereon embraced all the evidence that was heard by the court on the issue of process, nor is there any statement in the transcript of the record showing by bill of exceptions or otherwise that the summons and the return thereon was all the evidence heard by the trial court on that issue. In the absence of such showing, the presumption is, from the above recitals of the court's decree, that the court had before it facts sufficient to justify its finding. See *Love* v. *Coffman,* 72 Ark. 265.

Furthermore, the recitals of the decree show that the court found that the Conservative Loan Company and the Fidelity Mortgage Company are corporations doing business in this State. This finding, of itself, does not indicate whether they were domestic or foreign corporations, but, in the absence of a showing to the contrary, it must be presumed that the court found that they were foreign corporations, and that they had designated Christner as their agent upon whom process might be served, in compliance with the provisions of § 1826 and 1829 of Crawford & Moses' Digest. Under § 1829, *supra,* the service upon such designated agent at any place in the State was sufficient to give the trial court jurisdiction of the corporations, whether or not the service was had in Logan County. If foreign corporations, and if Christner was the agent named upon whom process might be served, then it was not essential that the service be had in Logan County. The service in Pulaski County on such agent was sufficient.

So far as the service of process against Christner in his individual capacity is concerned, in the absence of a showing to the contrary, it will be presumed that the court found the existence of every fact essential to give it jurisdiction of his person. The court may have found that, at the time of the filing of the complaint in Logan County, Christner was a resident of that county, and that, after the complaint was filed, he removed to another county. If so, the service upon him in the county of Pulaski was sufficient. See § 1180, C. & M. Digest. We conclude therefore that the court had jurisdiction over the persons of the defendants to the action.

3. The appellants contend that the judgment was premature because the summons against Christner and the corporations was served on the 19th day of January, 1924, and that the decree was rendered on the 5th of February, 1924, which was only seventeen days after the date of the service, and that therefore the decree was premature. The record shows that summons was issued on the 4th of December, 1923, and that on the 19th of

December, 1923, the same was served on the appellants, and that the decree was rendered on February 5, 1924. Forty-seven days, therefore, intervened between the time of the service of the summons and the rendition of the decree. True, there was another summons issued on the 18th day of January, 1924, which was duly served the next day, January 19th, the last service therefore was only seventeen days before the decree was rendered. But the service under the first summons, as we have seen, was amply sufficient, and the decree was justified, and not premature under such service.

Thre is no reversible error in the rulings of the trial court, and its decree is therefore affirmed.