BOWEN *v.* FRANK.

Opinion delivered July 8, 1929.

*F. F. Harrelson,* for appellant.

*A. H. Murray* and *Randolph & Randolph,* for appellee.

KIRBY, J. This suit was brought by four of the seven children of John F. Frank, deceased, devisees under his will, against Walter A. Frank and Mrs. Leonora F. Bowen, two of his children, and all his grandchildren, to have the title of the plaintiffs to certain lands located in St. Francis County, Arkansas, and others in Lee County, Arkansas, quieted and confirmed in them in fee simple.

This is the second appeal of this case, the decree of the chancellor on the first appeal being reversed, and the cause remanded, because the decree was premature. *Frank* v. *Frank,* 175 Ark. 285, 298 S. W. 1026. Upon the mandate of this court being filed in the St. Francis Chancery Court, this decree was rendered on the date of its filing, Dec. 3, 1927. An amendment was filed to the complaint, alleging that Harriot Amelia Frank, who was a minor at the time of the suit brought, had reached her majority; that Amelia L. Bowen had intermarried with Alfred C. Smith; the marriage of Monroe C. Frank, with prayer that Alfred C. Smith, Mary Francis Frank, the wife of Monroe C. Frank, be made parties defendant, which was done by constructive service and publication and proof of a warning order. F. F. Harrelson was ap-

pointed guardian *ad litem* for Hughetta Bowen, a *non compos mentis,* and filed a demurrer to the complaint, both as such guardian and as attorney for the defendants, W. A. Frank, Mrs. L. F. Bowen and M. C. Frank. The demurrers being overruled, the said defendants declined to plead further, and the guardian *ad litem* filed answer to the complaint on April 14, 1928, denying all the material allegations thereof. On the hearing the court found for the plaintiffs, and rendered a decree quieting and confirming the title as prayed for in the complaint, from which decree this appeal is prosecuted. · The demurrers raised the question of jurisdiction of the court of the subject-matter of the action, and of the sufficiency of the complaint.

The complaint alleged that plaintiffs are owners in severalty of certain described tracts of land in St. Francis and Lee counties, Arkansas, and that the defendants, children of John F. Frank, deceased, had been allotted other lands in Lee County; that the children of the said Frank, deceased, both plaintiffs and defendants, claimed title to the lands from a common source as the devisees of the said John F. Frank, who died testate on October 6, 1904, seized and possessed of the said lands. The will was admitted to probate in Shelby County, Tennessee, the residence of the testator, and an authenticated copy duly probated in St. Francis County, Arkansas. A copy of the will was exhibited with the complaint, item 4 of which reads as follows:

"Item four. I hereby give, devise and bequeath to my seven children and legal heirs, to-wit, Charles F., Robert B., John L., Walter A., Clara M., Elizabeth G., and Lenora E. Frank, now Mrs. S. A. Bowen, all of my property, real, personal and mixed, wheresoever situated, not already disposed of, which I now own or may hereafter acquire, and of which I may die seized and possessed, absolutely and in fee simple, and in equal shares. The division shall be made by three commissioners to be appointed by my said children, and the lots and parcels of land so divided shall be drawn for by them, and any

difference in the valuation be settled among themselves. The property of my daughters, however, shall be held and owned by them for their sole and separate use and enjoyment, free from the debts and contracts of any husbands, for and during their natural lives, with remainder in fee to their children, and in default of children surviving either of them, then to my children who shall then be living, their heirs and assigns forever, and should any of my sons die without issue, his or their share shall also revert to my children then living, their heirs and assigns forever.''

It was alleged that under this provision of the will plaintiffs took an absolute fee simple title to the lands devised to them respectively. It was alleged further that, pursuant to this provision, the seven children of the testator appointed three commissioners to divide the lands of the deceased in Arkansas in seven equal shares, and allotted one share to each of his seven children. In this deed the seven children joined and ratified the partition made by the commissioners, and conveyed to each other respectively all his interest in the shares which had been allotted to each respectively, subject to the provisions of the will. It was alleged that Clara M. Frank was 65 years of age, and had never married; that plaintiff Elizabeth G. Frank was 58 years old, and had never married; and the defendant Lenora F. Bowen was a widow with three living children. It was further alleged that on August 8, 1910, the seven children of the testator, J. F. Frank, deceased, executed and delivered another deed, which was recorded both in St. Francis and Lee counties, conveying and warranting to each of the seven children, respectively, the land which had been set aside to each in the partition. In this deed each granted to the other his interest, present and prospective, in the lands allotted to each, and warranted that none of the grantors, nor their heirs or assigns, would ever at any time assert any claim, under the terms of the will or because of it, to the shares allotted to any of the grantees the title to which should be kept in them. It was also charged that, if the plain-

tiffs were wrong in their contention that the children each took a fee simple title in the lands devised to them under the will, they had acquired such title by the partition and deeds thereto.

The testimony is undisputed that plaintiffs had been in the constructive, if not actual, possession of the lands claimed by them since August 8, 1910, under the instrument under which they claim title, and paid the taxes due thereon for more than seven years before the commencement of the action, and that no one was in possession of the lands or any part thereof claiming adversely to either of them.

It is insisted, under the authority of *Frank* v. *Frank,* 88 Ark. 5, 113 S. W. 640, 19 L. R. A. (N. S.) 176, 129 Am. St. Rep. 73, that the court was without jurisdiction to entertain the suit, it being in effect an attempt to construe the will of John F. Frank, deceased, in which no attempt was made to create any trust relation with respect to any of the property devised, and legal assets only were disposed of. This suit, however, is one for quieting the title, which could be brought, under the circumstances, in equity, notwithstanding its determination required the construction of the will under which all the parties claimed as a common source of title. It is true that the statute provides (§§ 8363-4, C. & M. Digest) that the petition for quieting title to lands shall be filed in the office of the clerk of the chancery court of the county in which such land is situated, and the petitioner may embrace in his petition as many tracts of land as he sees proper, so that all lie in the same county; but § 1164, C. & M. Digest, provides:

"Actions for the following causes must be brought the the county in which the subject of the action, or some part thereof, is situated: (1) For the recovery of real property, or of any estate or interest therein; (2) for the partition of real property; (3) for the sale of real property under a mortgage, lien or other incumbrance or charge; (4) for any injury to real property."

If the suit be regarded as one for the recovery of an estate or interest in real property, this statute requires it to be brought in the county in which the subject of the action or some part thereof is situated. Although the lands, the subject of the action, the title to which is sought to be confirmed and quieted herein, are situated in two counties, the great portion thereof in the county where suit was brought, the cause of action is the same, and all the parties at interest claim title to each of the tracts of land under the one common source, the will, the convey-ances of the lands affecting the title being made by the same parties, granting the same tracts of land in accord-ance with the partition and family settlement to effectuate the purpose of all, and, we think, under the circumstances, the court had jurisdiction of the subject of the action, although the lands were situated in two counties, and could grant the relief the parties showed themselves en-titled to. *Harris* v. *Smith,* 133 Ark. 250, 202 S. W. 244; *Fidelity Mortgage Co.* v. *Evans,* 168 Ark. 459, 270 S. W. 624.

It is next contended that the chancellor erred in over-ruling the demurrer to the complaint challenging its suf-ficiency to state a cause of action and in not granting the prayer for confirmation of title. To determine this question requires a construction of the said fourth para-graph of the will of the testator, J. F. Frank, the com-mon source of title of all claimants. The said testator was a resident of Memphis, Tennessee, where he died, and his said will was admitted to probate in Shelby County. It has twice been before the Supreme Court of that State for the determination of the rights of the devisees there-under. *Frank* v. *Frank,* 120 Tenn. 569, 111 S. W. 1119; *Frank* v. *Frank,* 153 Tenn. 218, 280 S. W. 1013. In the last cited case the court said:

"In *Frank* v. *Frank,* 111 S. W. 1119, 120 Tenn. 569, the will of J. F. Frank was construed to mean that the four sons of J. F. Frank took an estate in fee, and the three daughters, Clara M. Frank, Elizabeth G. Frank and Mrs. Lenora F. Bowen, each took life estates in the prop-

erty therein devised, with remainder (1) to any child or children that either might leave surviving her; (2) in default of child or children surviving any daughter, to the brothers and sisters living at her death. * * * The remaindermen are declared by the will as construed in *Frank* v. *Frank,* 120 Tenn. 569, to be the issue of each devisee, and no issue, the survivor of the four brothers and three sisters.''

After this construction of the will, the four sons and three daughters of the testator, all the devisees as recited in the opinion, agreed in writing to partition the lands disposed of by the will of their father, and agreed that, in so far as within their power, each devisee should enjoy an estate in fee to his or her share. Under this agreement a tract of land was partitioned in seven parts, all the devisees joining in a deed conveying to each their interest, whether vested or contingent, in possession or in expectancy. This tract of land was sold, and upon a bill filed in the chancery court to confirm the sale of the three daughters, the purchase money or fund was divided upon a petition to have the proceeds of the sale, their shares, distributed to them. The question presented for determination was whether or not a contingent remainder under the laws of Tennessee could be alienated. The court held that, although there is a presumption of the possibility of issue so long as life continues, Clara M. Frank, 64 years old, and Elizabeth G. Frank, 58 years old, were both beyond the age when it is physiologically possible for either to bear children, but required the execution of a bond for repayment of the money in the event that either should have children who might take the remainder upon their death.

The decisions of the Supreme Court of Tennessee, where the testator resided at his death, construing his will disposing of lands there and in this State, are without authority, of course, for the disposition of the lands here, and are not to be regarded, unless in harmony with the rules of construction for wills disposing of property

in this State as applied by our own court. Our court said, in *Booe* v. *Vinson,* 104 Ark. 445, 149 S. W. 526: ''The purpose of construction of a will is to ascertain the intention of the testator from the language used, as it appears from consideration of the entire instrument, and, when such intention is ascertained, it must prevail, if not contrary to some rule of law, the court placing itself as near as may be in the position of the testator when making the will. *Fitzhugh* v. *Hubbard,* 41 Ark. 64; *Gregory* v. *Welch,* 90 Ark. 152, 118 S. W. 404; *Cockrill* v. *Armstrong,* 31 Ark. 580; *Smith* v. *Bell,* 6 Pet. (U. S.) 68.'' See also *Norris* v. *Johnson,* 151 Ark. 189, 235 S. W. 804; *Lockhart* v. *Lyons,* 174 Ark. 703, 297 S. W. 1018.

The first clause of the fourth item provides equally for each of the seven children of the testator, and devises an estate in fee simple to each of them, sons and daughters alike. The last clause of this item, however, announces an unmistakable intention to limit the interest of his daughters to a life estate in their respective shares, as clearly as his intention in the opening clause had by its terms created an ownership in fee. There is no ambiguity or obscurity in either of these clauses, and no room for the operation of the rule that a clear grant of the fee by an earlier provision of the will will not be modified or qualified by a later obscure and ambiguous provision, as said by the Tennessee court. Since the last clause in a will governs in its construction in determining the intention of the testator, we are constrained to agree to the holding of the Tennessee court, that it was the intention of the testator to devise to his said three daughters a life estate only, with a remainder in fee to their children, and if no children, then to the children of the testator then living, their heirs and assigns (*Gist* v. *Pettus,* 115 Ark. 401, 171 S. W. 480; *Little* v. *McGuire,* 113 Ark. 500, 168 S. W. 1084; *Jackson* v. *Lady,* 140 Ark. 523, 216 S. W. 505), the devise in the first clause of the item being restricted accordingly. This holding is not in conflict with our decisions in *Bernstein* v. *Bramble,* 81 Ark.

480, 99 S. W. 682, 8 L. R. A. (N. S.) 1028; *Davis* v. *Sparks,* 135 Ark. 412, 205 S. W. 805; *Archer* v. *Palmer,* 112 Ark. 530, 167 S. W. 99; *Combs* v. *Combs,* 172 Ark. 1073, 291 S. W. 818, where the testator, after giving a fee simple to the devisee, attempted to make a disposition of the property remaining undisposed of at the devisee's death, which it was held could not be done, such provision being void as repugnant to the prior devise in fee.

The Rule in Shelley's Case has no application here, the language of the will not creating a limitation to the heirs of the devisees or grantees in general, but to their children, and, in default of children, then to some one else, it being the clear intention thereby expressed not to include grandchildren, nor to use the word interchangeably for heirs, but, in its ordinary and natural meaning, to indicate children only. *Gray* v. *McGuire,* 140 Ark. 112, 215 S. W. 693; *Finch* v. *Hunter,* 148 Ark. 482, 230 S. W. 553.

It now becomes necessary to determine what interest was acquired by the seven children of the testator under deeds executed by all of them to each other conveying their interest in the respective shares in the estate devised. The seven children and devisees in the will agreed in writing to partition the lands disposed of by the will, in so far as it was in their power, allowing each unmarried daughter to enjoy an estate in fee in her share, as was devised to the sons by the will as construed by the Tennessee court. A partition was had of all the lands among the seven devisees, each receiving his or her share of the Arkansas lands, and deeds were executed by the children of the grantor by which all the devisees conveyed to each all their interest, whether vested or contingent, in possession or in expectancy, each child's share. The seven children of the testator were *sui juris,* and, the partitions being fair, whatever interest in the shares of the others, brothers and sisters, was vested in each child that could be alienated, necessarily passed by the partition deeds and the other deeds

made pursuant to the family settlements, wherein all the devisees attempted to vest in each brother and sister title in fee to his or her respective share of the estate. *Martin* v. *Martin,* 98 Ark. 104, 135 S. W. 348; *Giers* v. *Hudson,* 120 Ark. 243, 143 S. W. 916; *Tandy* v. *Smith,* 173 Ark. 828, 293 S. W. 735.

A distinction is made between vested and contingent remainders under our law, so far as the right of disposition thereof is concerned, and as defined in *McCarroll* v. *Falls,* 129 Ark. 250, 195 S. W. 387, and *Hurst* v. *Hilderbrandt,* 178 Ark. 337, 10 S. W. (2d) 491, there could be no vested remainder in the children of Clara M. and Elizabeth G. Frank, who have never married and are now beyond the age of child-bearing, according to physiological law. The remainder would have vested in such of the testator's grandchildren as were in existence when the will took effect, as said by the Tennessee court, and contingent in the case of such daughter or daughters of the testator as at that time were without children. If the said devisees should marry and have children born, which should survive them, the presumption being that there may be issue so long as life continues, such children, upon the death of their respective parents, would become vested with a remainder interest in each respective share; but if these devisees die leaving no issue surviving them, as will doubtless be the case, then the remainder interest in their shares will vest, upon their death, in their brothers and sisters then surviving. This second class of remaindermen designated in the will are all ascertained, and those of them surviving the others would take the remainder, and, being designated and definitely ascertained, they could and did convey the interest they had or which might thereafter be cast upon them as survivors, their conveyances not affecting the right of any unascertained class nor the rights, contingent or otherwise, of any third persons.

It follows from what we have said that the chancellor could only confirm and quiet the title in each of the

owners thereof to these lands against all the other parties, devisees under the will and the children of Mrs. Bowen, but their conveyances could not affect the rights of said unascertained class, the possible issue or children of the said Clara and Elizabeth Frank. Otherwise the decree is correct, and will be affirmed in accordance with such modification. It is so ordered.