BOWLIN *v.* VINSANT.

4-2803

Opinion delivered January 9, 1933.

*Phillip A. Yoes* and *Evans & Evans,* for appellant.

*Rains & Rains,* for appellee.

McHANEY, J. This is a suit to quiet title to certain real property in the city of Van Buren, Arkansas. It involves the construction of paragraph 6 of the last will and testament of William Bowlin, deceased, admitted to probate in Crawford County, Arkansas, January 3, 1916. We think it unnecessary to set out the whole will, as it is lengthy and as only paragraph 6 is involved in this lawsuit. It reads as follows: "I give, devise and bequeath unto my beloved wife, Julia Bowlin, all of my household furniture and effects of every character and kind in and about the dwelling house occupied by me in Van Buren, Arkansas, including all silver ·plate, pictures and other personal property and effects of every character in and about the said dwelling house and premises. I also fur-

ther give and devise unto my said wife, Julia, for and during her natural life, the use, occupancy of my dwelling and home in Van Buren, Arkansas, with the lots and land inclosed and adjoining thereto, and at her death, or should my wife not survive me, I give and bequeath the said personal property herein set forth, or so much as may be undisposed of by my said wife, not in any manner intending to limit my wife in the disposition of said personal property, unto my daughter, Gertrude Vinsant, and I give and devise the said dwelling house and premises devised unto my wife during her life, at her death, or should my said wife not survive me, unto my daughter, Gertrude Vinsant, and unto the heirs of her body.''

Julia Bowlin survived her husband, the testator, and held the real estate mentioned above during her lifetime. She died in the year 1916, at which time the appellee entered into possession and has had continuous possession thereof since said time. The question to be determined is, what title the appellee took on the death of her mother, whether a life estate or a fee simple title? The trial court held that she took the fee and entered a decree quieting the title in her.

We think the case is ruled by the recent case of *Pletner* v. *Southern Lumber Co.*, 173 Ark. 277, 292 S. W. 370, and cases there cited, and that the trial court correctly held that appellee acquired the fee to the real property devised in paragraph 6 of the will. In the Pletner case we said: ''This court has often ruled that where land is conveyed, or devised, to a person and the heirs of the body, children, or issue of such person, such conveyance or devise creates an estate tail in the grantee or devisee, which, under our statute (§ 1499, Crawford & Moses' Digest) becomes an estate for life only in the grantee or devisee, and a fee simple absolute in the person to whom the estate tail would first pass, according to the course of the common law, by virtue of such devise, grant or conveyance.'' A number of our cases are there collected, so holding. Continuing the court said: ''But this familiar doctrine cannot have applica-

tion here, for the reason that the estate is not devised to Mrs. Mary Elmira Godfrey and her bodily heirs, creating a life estate in her and a fee simple estate in her bodily heirs under the statute *supra*. The life estate as we have seen was previously devised to Mrs. Artemus F. Gillis, and the remainder of the estate, after such life estate, was devised to Mary Elmira Godfrey and her bodily heirs." The court then held that Mary Elmira Godfrey took the fee, and not a life estate.

In the instant case the testator devised the real property mentioned in paragraph 6 to his wife during her life, with the remainder to his daughter, the appellee, and the heirs of her body. While the testator did not use the word "remainder" in this connection as was the case of *Pletner* v. *Southern Lumber Co., supra,* it was in fact the remainder conveyed. If it had been the intention of the testator to devise only a life estate to Gertrude Vinsant, to take effect immediately upon the death of Mrs. Bowlin, he doubtless would have used similar language as he did concerning his wife, "during her life," or some similar expression showing a clear intention to convey a life estate. The testator was providing for two contingencies, first, if his wife survived him, and, second, if she did not survive him. In either event it was to go to the appellee and unto the heirs of her body. It is not necessary to determine what estate the appellee would have taken had Mrs. Bowlin not survived her husband. The fact is she did survive him and took a life estate in the real property devised. We think the real intention of the testator was that, if appellee were living at the time of his wife's death, she should take the fee, but, if she were not living then, the heirs of her body would take the fee. In other words, it was his intention that this particular piece of property should descend through the Gertrude Vinsant line of heirs to her first, if she were living at the death of the life tenant, but, if not, then unto her bodily heirs. Other cases holding to the same effect as the Pletner case are: *Gregory* v. *Welch,* 90 Ark. 152, 118 S. W. 404; *Harrington* v. *Coop-*

*er,* 126 Ark. 53, 189 S. W. 667; *Bell* v. *Gentry,* 141 Ark. 484, 218 S. W. 194.

It necessarily follows from what we have said that the decree of the chancery court is correct, and must be affirmed. It is so ordered.