NATIONAL EQUITY LIFE INSURANCE COMPANY v. SEAMSTER.

4-3195

Opinion delivered November 13, 1933.

*Beloit Taylor* and *M. J. Harrison*, for petitioner.
*Duty & Duty* and *Bernal Seamster*, for respondent.

BUTLER, J. The Farmers' Trust Company issued debenture bonds in the sum of $750,000 and pledged with a trustee real estate mortgage bonds to guarantee the outstanding debenture bonds. The trust agreement was duly executed and recorded in Benton County, the domicile of the Farmers' Trust Company and the trustee named. The First Mortgage & Investment Company took over the assets of the Farmers' Trust Company and assumed its liabilities including the aforesaid debenture bonds.

John R. Duty is the trustee in succession of the trustee named in the trust agreement and Bernal Seamster is the receiver of said investment company. Seamster, as receiver, and Duty, as trustee, filed a complaint in the Washington Chancery Court alleging the above facts and

that at the time John R. Duty was designated as trustee he received first mortgage bonds aggregating the principal sum of $81,000 and real estate mortgages securing the same; that under the terms of the trust agreement he became the owner of the bonds and mortgages for the purpose of holding the same for the guarantee of the debenture bonds with the right to dispose of the same in the event of the default in the payment of said bonds at public or private sale, a sufficient amount of the mortgages to pay the matured debenture bonds in default with interest, or to foreclose or take such other steps as would be necessary to protect the bondholder. It was alleged that some of the officials of the investment company, without the knowledge of the trustee, abstracted the mortgages from their place of deposit and sold same to the National Equity Life Insurance Company, an insurance company organized under the laws of the State of Arkansas, with its principal place of business in the city of Little Rock; that said investment company made written assignments of said mortgages to the insurance company which appear now of record in the office of the recorder of Washington County; that of these mortgages there were two covering lands situated in Washington County; that no title was in the investment company which it could transfer to the insurance company and that said transfer and assignment is void. The complaint concluded with a prayer that the court by its decree divest the insurance company from all apparent title or interest in and to said mortgages as shown by the records of Washington County, Arkansas; that it be enjoined from receiving any further payment thereon, and that the assignment be canceled and the trustee restored to all the rights and ownership of said mortgages given him by the indenture of trust.

On this complaint a summons was issued and served on the insurance company on the 20th day of April, 1933, at its office in Little Rock. Within apt time the defendant insurance company appeared specially in the Washington Chancery Court and filed its motion setting up that it was a domestic corporation with its principal place of

business in Little Rock; that it had no agent for service and no branch office in Washington County; that the service of summons was had upon it in Pulaski County by the sheriff of that county; that the suit was improperly brought in Washington County and that defendant was entitled to be sued in the county where it was domiciled, and it prayed that the service be quashed and for all other proper relief.

On the 29th day of June, the court heard said motion, overruled the same, refused the prayer thereof, and required the defendant to answer within twenty days from that date, to all of which rulings exceptions were duly saved, and a petition filed in this court asking a writ to be directed to the Washington Chancery Court prohibiting it from proceeding further in the case.

It is the contention of the petitioner that the action brought in the Washington Chancery Court involved as the principal question the ownership of the mortgages in controversy. It contends that in equity the mortgagor is considered the owner of the property until he is barred by his own default or by judicial decree, the mortgage being regarded merely as a security for a debt; and therefore the decree in the case where the question of the ownership of a mortgage is presented would operate only indirectly and incidentally upon the estate or title to the land. Petitioner therefore argues that the cause of action stated in the complaint is transitory and that the venue to try the action lies in Pulaski County.

It is insisted by the respondent that the action is for a recovery of an interest in real estate, and, as the real estate is situated in Washington County, or a part of it, that the action is local, and the suit was properly instituted in Washington County by virtue of § 1164 of Crawford & Moses' Digest, which provides that actions shall be brought in the county in which the subject of the action, or some part thereof, is situated, where, among other things, the action is for the recovery of real property or of an estate or interest therein.

It is the opinion of the majority, in which the writer does not agree, that the contention of the respondent is

correct that the cause of action stated is for the recovery of an interest in real estate and the venue was properly laid in Washington County and the service upon the petitioner a valid one. It is their opinion that the instant case is ruled by the case of *Fidelity Mortgage Co.* v. *Evans,* 168 Ark. 459, 270 S. W. 624, and that the allegations in the complaint and the prayer for relief in the instant case make it analogous to an action to remove a cloud upon the title which was held to be a local action in the Evans case, *supra,* in which the court said: "Clearly one purpose of the action, as shown by the allegations of the complaint and the findings of the decree of the court, was to have surrendered and canceled the outstanding mortgages. These mortgages were clouds upon the title. Appellee Dilling, who had purchased the land from Nichols, and appellee Evans who held the purchase money notes which were secured by vendor's lien, was entitled to have the outstanding notes and mortgages executed by Nichols and wife surrendered and canceled. The action in this respect affected the land in Logan County and gave the chancery court of that county jurisdiction of the subject-matter. * * * It is manifest that under the pleadings and prayer for general relief the action and decree of the court affected the lands in Logan County. These allegations were sufficient to give the chancery court of that county jurisdiction of the subject-matter." See also the case of *Ark. Mineral Products Co.* v. *Creel,* 181 Ark. 722, 27 S. W. (2d) 1003.

The prayer of the writ will be denied; it is so ordered.