HENDERSON *v.* RICHARDSON.

4-8544                                              211 S. W. 2d 436

Opinion delivered May 24, 1948.

---

* The briefs refer to Mrs. Lurtey as "Elta" and as "Ella."

*Cunningham & Cunningham*, for appellant.

*W. E. Beloate, Sr.*, for appellee.

MINOR W. MILLWEE, Justice. In a confirmation suit instituted by the State of Arkansas under Act 119 of 1935 it developed that the state had sold the west one-third of the northwest quarter of section 8, township 15 north, range 1 west, in Lawrence county, Arkansas, to W. M. Ponder.

Appellee, Jennie Richardson, intervened in the confirmation suit attacking the sale to Ponder and claiming title to the south two-thirds of the above described tract under the terms of the will of her father, James Rogers, deceased.

Appellants are the children and heirs at law of Lucinda Harris, sister of appellee. They filed a separate intervention in the confirmation suit seeking to set aside the tax deed to Ponder. The intervention also contained a cross-complaint against appellee in which it was alleged that the purported will of James Rogers was fraudulent and not entitled to be placed of record; that said James Rogers died intestate; and that appellants were the owners of an undivided one-half interest in the whole tract in controversy.

That part of the suit involving the validity of Ponder's tax title, which was contested by all the parties to this suit, was docketed and adjudicated separately. The trial court held Ponder's deed to be void and we affirmed in the case of *Ponder v. Richardson, ante*, p. 238, 210 S. W. 2d 316. The instant suit involves the division of ownership of the tract as between the appellee and appellants.

James Rogers occupied the lands in controversy from the date of his purchase in 1883 until his death in 1910. Under the terms of a will executed in 1902 he devised the tract in controversy to his wife, Mary Rogers, for life and at her death the south two-thirds was given to appellee and the north one-third to Lucinda Harris and Cora Jones, also daughters, equally. It was further provided that since Cora had no children, she should have the use of the north one-third during her life and, at her death, her interest should go to Lucinda, or her heirs. The will of James Rogers was filed and duly probated in April, 1910. The original will was still on file in the clerk's office at the time of the trial in this case, but was never recorded by the clerk as required in § 14554 of Pope's Digest.

The trial court entered a decree finding the will of James Rogers, deceased, to be valid and vesting title in the south two-thirds of the tract in controversy to appellee and the north one-third to appellants as heirs of Lucinda Harris, as directed in the will. Appellants have appealed and appellee has cross-appealed as to that part of the decree which denies her an interest in the north one-third of the tract as an heir at law of Cora Jones, deceased.

Mary Rogers continued to reside on the lands after the death of James Rogers until about 1920 when she moved to Muskogee, Oklahoma, with appellee and her sister, Cora Jones. Cora Jones died without issue about 1930 and Mary Rogers died in 1941. Lucinda Harris, mother of appellants, died in 1943. Appellee looked after the renting of the farm and payment of taxes for her mother for several years prior to the latter's death. She has also redeemed the lands from tax sales at various times and has expended approximately $400 in clearing up the title to lands. She paid one-half the rents collected on the farm to Lucinda Harris for at least one year following the death of their mother and sent appellant, Jessie Henderson, one-half the rents after the death of Lucinda. Lucinda Harris and appellants also paid half of the taxes on the lands for several years.

In 1914, a decree was entered in a foreclosure suit brought by T. C. Neece against Julia Nash, et al., to foreclose a real estate mortgage. Mary Rogers and her children were eventually made parties to the suit and a decree was rendered in which the will of James Rogers was ignored and homestead and dower interests in the land were found to be vested in Mary Rogers.

For reversal of the decree in the instant case, appellants do not now urge the invalidity of the will of James Rogers, deceased. However, it is insisted that the evidence shows that all parties abandoned their respective claims of title under the will and elected to take under the statute of descent and distribution. It is argued that the decree of Neece v. Nash, et al., was entered for the purpose of carrying out the agreement to abandon the claims under the will and that the conduct of appellee in paying over to her sister one-half the rents and accepting one-half the taxes supports this contention. We agree with the finding of the trial court that the decree in the case of Neece v. Nash, et al., did not adjudicate the title as between the heirs of James Rogers, deceased, and did not, therefore, have the effect of divesting the title acquired by them as devisees under the will.

Nor do we think that payment by appellee of one-half the rents to appellants and their mother for several years, and appellee's acceptance of one-half the taxes from appellants, sufficient to establish an agreement of the parties to abandon their respective claims of title under the will. Appellee denied that such agreement existed. Jessie Henderson who testified for appellants knew nothing of such agreement and further testified that she and her brothers only claimed the "north end" of the tract. The parties are unlettered colored people and the fact that they may have been ignorant of the exact portions of land given them under the will does not estop appellee from now claiming thereunder. In the case of Thomas v. Spires, 180 Ark. 671, 22 S. W. 2d 553, upon which appellants rely, it is said: "The principle invoked is that a party who, by his acts, declarations or admissions, either deliberately or with willful disregard of the

interests of another, induces him to conduct or dealings which he would not have otherwise entered upon is estopped to assert his rights afterwards to the injury of the party so misled." The evidence here falls short of establishing such fraudulent conduct on the part of appellee as to work an estoppel on her part to claim under the will.

On her cross-appeal appellee contends that she is entitled under the will to an interest in the north one-third of the tract as an heir of her sister, Cora Jones. It is argued that the devise of a life estate to Cora Jones after a similar devise to Mary Rogers is not permissible and that Cora Jones, therefore, took the fee which descended to her heirs. Appellee relies on the cases of *Pletner* v. *Southern Lumber Co.*, 173 Ark. 277, 292 S. W. 370, and *Bowlin* v. *Vinsant*, 186 Ark. 740, 55 S. W. 2d 927, where it was held that a fee simple estate in the remainderman is created in a devise by a testator to his wife for life with remainder to another and her bodily heirs. In the case of *Bowlin* v. *Vinsant, supra,* the testator devised land to his wife, Mrs. Bowlin, for life and at her death to his daughter, Gertrude Vinsant, and the heirs of her body. The court said: "If it had been the intention of the testator to devise only a life estate to Gertrude Vinsant, to take effect immediately upon the death of Mrs. Bowlin, he doubtless would have used similar language as he did concerning his wife, 'during her life', or some similar expression showing a clear intention to convey a life estate." In the case at bar the testator, James Rogers, did devise only a life estate in the north one-third of the tract to his daughter, Cora Jones, after first giving a similar estate to his wife, Mary Rogers, in the whole tract. A testator may create successive life estates in the same property. Thompson on Wills (3rd Ed.), § 352, p. 525; 69 C. J., Wills, § 1627. The will further provided that since Cora Jones had no children, her interest, at her death, should go to her sister, Lucinda Harris, or her heirs. Cora Jones died without issue prior to the death of Mary Rogers, the first life tenant, and her interest passed under the will to Lucinda Harris. Upon the death

of Lucinda Harris in 1943, title to the north one-third vested in appellants as her sole heirs at law.

The decree of the chancery court is correct and is accordingly affirmed on both direct and cross-appeals.