STATE EX REL. ARK. PUBLICITY & PARKS COMM. *v.*
BUTT, CHANCELLOR.

5-1606                                    316 S. W. 2d 204

Opinion delivered September 29, 1958.

434

*Bruce Bennett, Atty. General; Russell J. Wools, Asst. Atty. General,* for petitioner.

*Hugh M. Bland* and *Shaw, Jones & Shaw,* for respondent.

PAUL WARD, Associate Justice. Petitioner here seeks to enjoin the Chancery Court of Washington County from proceeding in a cause there pending on the ground that it is an action against a State Commission. Petitioner's contention is that in such action only the Pulaski County Chancery Court has jurisdiction under Ark. Stats. §§ 27-603 and 34-201. The respondent asserts that the Chancery Court of Washington County has jurisdiction under Ark. Stats. § 27-601.

Since one phase of this matter was before us previously (see *State Ex Rel. Ark. Publicity & Parks Comm.* v. *Woodward,* 228 Ark. 856, 310 S. W. 2d 803) we by-pass consideration of the procedural method here pursued.

On February 28, 1957 Neil W. Woodward filed a petition in the Chancery Court of Washington County against the Petitioner wherein he claimed to be the owner of the S½ of SE¼, Sec. 23, Twp. 13 N., Range 31 W. in Washington County, deraigning his title from the Federal Government. Woodward further alleged that said lands were wild and unimproved, and that he and his predecessors had paid all the taxes since 1926, and; That petitioner unlawfully and wrongfully took possession of a part of said land for park purposes under claim of title through a deed from the State based on a void tax sale for the 1930 taxes. The complaint further states that volume 287 in the clerk's office showing the forfeiture of said lands in 1930, at page 501, bears the marginal notation "Cancelled Chancery Court Decree April 20, 1940, D. L. Moore, Clerk". The complaint contains a copy of the Decree in a suit brought by the State to quiet title to the lands in question in Washington County, which shows that on April 20, 1940 the Chancery Court dismissed the State's claim to the land here

claimed by Woodward, and it is stated that no appeal had been taken by the State. Also attached to the complaint is "Exhibit 1" which is captioned "State Land Office, James H. Jones Commissioner, Entry Statement". It is to the effect that the State has no claim to the questioned land, and that it has no record of a conveyance of any part of said land to the Petitioner. The complainant further alleges that the Petitioner is claiming some right, title or interest in said lands by reason of a dedication deed from the Commissioner of State Lands dated January 22, 1935, and recorded in the clerks office of Washington County; and that said deed and the other instruments above mentioned constitute a cloud upon the title to his land.

The prayer was that said clouds be removed from complainant's title and that title to said property be vested in him as against the Petitioner herein, and, further that petitioner be commanded "to remove any improvements placed upon said property  . . ."

To the above complaint Petitioner entered a demurrer on the ground that the "court has no jurisdiction of the person of the defendant or the subject matter of this action." The Respondent overruled the demurrer, and Petitioner here asks us to prohibit Respondent from proceeding further in this cause, and asks that the action there pending be ordered transferred to the proper tribunal in Pulaski County.

It is our conclusion that the Respondent was correct in overruling the demurrer. Ark. Stats. § 34-201 reads, in relevant part, as follows: ". . . all actions against such board or commissioner or state officer, for, or on account of any official act done, or omitted to be done, shall be brought and prosecuted in the county where the defendant resides . . ." § 27-601 in relevant part, states that actions for the recovery of real property, or of an estate or interest therein must be brought in the county in which the subject of the action (land) is situated.

The present action was, we think, one affecting title to land, as set out in the last mentioned statute, and was therefore properly brought in Washington County. Since a demurrer admits all allegations in the complaint, the present action amounted to an attempt by Woodward to have certain void deeds and entries removed as clouds upon his title. In other words it was an action to quiet title. We have held many times that such an action is properly brought in the county where the land is situated. See *Fidelity Mortgage Company* v. *Evans,* 168 Ark. 459, 270 S. W. 624. An action to remove a fraudulent deed as a cloud on title to land comes within the same statute. See *McLaughlin* v. *McCrory,* 55 Ark. 442, 18 S. W. 762.

The present action was not such an action against the State or Commission as falls within the purview of § 34-201, since it sought to impose no obligation upon the State. In *Federal Compress & Warehouse Co.* v. *Call,* 221 Ark. 537 (at page 541), 254 S. W. 2d 19, this court in dealing with this question stated: "No money judgment is sought against the state — only the enjoining of allegedly void rulings," *etc.,* and held the action not to be against the State. We said in *Hickenbothan* v. *McCain, Comm'r of Labor,* 207 Ark. 485 (at page 490), 181 S. W. 2d 226, "But if the relief prayed is granted no obligation is imposed upon the state. It is, therefore, not a suit against the state." See also *Wilson* v. *Parkinson,* 157 Ark. 69, 247 S. W. 774. In the case under consideration, taking the allegations of the complaint to be true, Woodward sought to impose no obligation upon the State.

The suit brought by Woodward is in effect an action to clear certain clouds from the title to his land in Washington County. From a practical standpoint it appears reasonable, if not compelling, that any court proceedings or decrees affecting his title should appear on the records of that county. No doubt the legislature recognized this fact in enacting § 27-601. This court so found in *Jones, McDowell & Co.* v. *Fletcher,* 42 Ark.

422 at page 439 when it said: "It is very clear that the Legislature intended, in the adoption of section 4532 Gantt's Digest (Ark. Stats. § 27-601) as a part of our *code procedure,* to make all actions, whether at law or in equity, where the judgment or decree is to operate directly upon the estate or title, local, and to restrict the remedy to the proper tribunal of the county where the subject of the action, or some part of it, is situated".

For the reasons heretofore set out the writ is denied.

We have not overlooked that Woodward asked for a mandatory injunction requiring Petitioner to remove any improvements placed upon the land. We think this in no way affects the main issue considered above, because there is no proof that any such improvements have been placed on the land. This feature of the case may or may not arise when and if the cause is tried on **its merits.**

Denied.